**Michael Jamie FUNDILLER and Rae Winder Fundiller, his wife, Plaintiffs,**

v.

**The CITY OF COOPER CITY, a municipal corporation; et al., Defendants.**

**No. 83–6306–Civ–JLK.**

United States District Court, S.D. Florida.

Jan. 18, 1984.

Guy Bailey, Jr. and Robbie M. Colaluca, Bailey & Dawes, Miami, Fla., for plaintiffs.

Christine M. Carsky, Edward Bruce Johnson, Fort Lauderdale, Fla., for defendants.

## ORDER OF DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION

JAMES LAWRENCE KING, District Judge.

THIS CAUSE comes before the court upon its sua sponte review of the record. Upon review, the court finds that the plaintiffs have failed to state grounds upon which this court's subject matter jurisdiction may rest.

In their complaint, the plaintiffs attempt to state a claim under 42 U.S.C. § 1983 and 1985 and 18 U.S.C. 242. As the following will explain, the plaintiffs have failed to meet their burden of pleading under any of these statutes.

The basic allegations of the complaint are that the City of Cooper City and its supervisory personnel were grossly negligent in their duty to adequately train and supervise certain members of the police department. The plaintiffs contend that this gross negligence resulted in certain members of the police department violating the constitutional rights of Michael Jamie Fundiller.

The factual basis of the plaintiffs' complaint is that on 29 April, 1981, Michael Fundiller met a police informant in a parking lot at the Cooper City Plaza for the purpose of exchanging approximately $28,000 for a quantity of contraband. A gun battle ensued between the police and Michael Fundiller and Fundiller was injured. He now complains that the police used excessive force and were insensitive to his injuries once he was apprehended.

■ Initially the court notes the similarity between this case and *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). In that suit the plaintiff sought injunctive relief against the City of Philadelphia based on the theory that City and its supervisory personnel had a duty to supervise and eliminate police misconduct and that failure to perform that duty gave rise to a cause of action under 42 U.S.C. § 1983. The United States Supreme Court reversed the trial court and held that no such duty existed. 423 U.S. at 376, 96 S.Ct. at 607.

Accordingly, absent an allegation of direct responsibility for the improper conduct, this court would dismiss the claim against the City of Cooper City and its supervisory personnel on this ground alone. *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). However, because the court must dismiss the underlying claim against the individual police officers, the claim against the City and the supervisory personnel would necessarily fail anyway.

The legislative intent behind the Civil Rights Act of 1871, now codified as 42 U.S.C. § 1983, was to:

Afford a federal right in federal courts because, by reason of prejudice, passion, neglect, intolerance or otherwise, state laws might not be enforced and the claims of citizens to the enjoyment of rights, privileges, and immunities guaranteed by the Fourteenth Amendment might be denied by the state agencies.

*Monroe v. Pape*, 365 U.S. 167, 180, 81 S.Ct. 473, 480, 5 L.Ed.2d 492 (1961); *Parratt v. Taylor*, 451 U.S. 527, 534, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981).

Applying this purpose in *Parratt v. Taylor, supra.*, the United States Supreme

Court considered inmate Taylor's assertion that the state prison officials had deprived him of his property without due process of law when they had negligently deprived him of his $23.50 hobby kit. The Court found that Mr. Taylor's claim had unquestionably satisfied three of the four prerequisites of a valid § 1983 due process claim: the state officials had acted under color of state law; the hobby kit was property; and the loss of the kit was a deprivation. *Parratt* at 536, 101 S.Ct. at 1913. The Court also found, however, that the tort remedies provided by the State of Nebraska afforded the Plaintiff a means of redress and that that was all that was required by the due process clause of the Constitution.

The Court distinguished those cases where the constitutional deprivation was an established state procedure for which a predeprivation notice and hearing was both possible and required by the constitution. It noted that post-deprivation remedies made available by the State could satisfy due process when public safety or practicality made a predeprivation hearing unworkable. *Parratt* at 539, 101 S.Ct. at 1914. The Court concluded that the "fundamental requirement of due process is the opportunity to be heard and it is an opportunity which must be granted at a meaningful time and in a meaningful manner." *Parratt* at 540, 101 S.Ct. at 1915.

The Court held that Mr. Taylor had failed to allege a cause of action under § 1983 because the State of Nebraska offered a remedy to persons who believed that they had suffered a tortious loss at the hands of the State. The Court noted that the State process would satisfy due process even though it might not offer the plaintiff all the relief that would have been available under § 1983. In explanation, the Court stated that the Fourteenth Amendment and § 1983 were not intended to be a font of tort law to be superimposed upon whatever systems the States already administered. *Parratt* at 545, 101 S.Ct. at 1917.

This rationale and holding have recently been extended to a personal injury negligently caused by persons acting under the color of state law. *Daniels v. Williams,* 720 F.2d 792 (4th Cir.1983) (plaintiff alleged that he was injured when he slipped on a pillow negligently left on the stairs by a Deputy Sheriff).

▇ Applying this criteria to the case at bar, the Court finds that the plaintiffs have alleged that because of the negligence of the City of Cooper City as acting through its supervisory personnel the arresting officers used excessive force in their arrest of Michael Jamie Fundiller. The actions complained of are the type of activity that have traditionally been redressed by state tort law. The Plaintiffs do not allege that the state laws might not be enforced because of prejudice, passion, neglect, intolerance or otherwise. Nor has the Plaintiff alleged that the state tort procedures will not adequately protect his rights. Because of the nature of the tort alleged (excessive use of force during a lawful arrest) it would be impossible for the state to provide a predeprivation notice and hearing. Further, because of the public interest in apprehending armed criminals trafficking in contraband, the postdeprivation procedure offered by the state to arrestees who feel that they have been mistreated is all that is necessary to satisfy due process. Accordingly, the court concludes that the Plaintiff has failed to properly allege a cause of action under 42 U.S.C. § 1983.

As for the remaining claims under 18 U.S.C. § 242 and 42 U.S.C. § 1985, the court finds that the defendants Motion for Clarification is well taken and that the Order of August 9, should be clarified as to those claims.

In support of their Motions to Dismiss the claim alleged under § 1985, the Defendants assert that the Complaint fails to allege that any of Defendants' acts were motivated by a racial or otherwise class based invidious discriminatory animus and that, as a result of this failure, the Complaint fails to state a claim upon which relief can be granted under § 1985(3). The Defendants cite *Griffin v. Breckenridge,* 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971) in support of this proposition. The

Defendants further assert that while an allegation of class based invidious discriminatory animus need not be made to state a claim under the first part of § 1985(2) the Complaint does not allege any wrongdoing that falls within the first part of that subsection.

In response to this Motion to Dismiss, the Plaintiffs assert that the Defendants objections are mere quibbling. They further assert that the Complaint has complied with the requirement that there be an allegation of class based discriminatory animus by alleging that the Defendants discriminated against the class of persons suspected of dealing in contraband. In a footnote, the Plaintiffs remark that no allegation of class based discriminatory animus is required to state a cause of action under the first part of § 1985(2).

 The Court, having considered the arguments of counsel and being fully advised, finds that it should exercise restraint in respect to suits involving class-based discrimination grounded in a non-racial animus. *McLellan v. Mississippi Power & Light*, 545 F.2d 919, 929 (5th Cir.1977). The court finds further that, even if the allegations were true that the Defendants had discriminated against the class of persons suspected of dealing in contraband, that class bias would not activate subsection 1985(3). The court also finds that the Complaint has not alleged any wrongdoing that violates § 1985(2). Therefore, the court finds that the Complaint does not allege facts which demonstrate a conspiracy for the purpose of depriving the Defendants of rights within the meaning of 42 U.S.C. § 1985.

In support of their Motions to Dismiss the claim alleged under 18 U.S.C. § 242, the Defendants argue that the Complaint fails to allege that the acts complained of were motivated by a racial or class based discriminatory animus; that 18 U.S.C. § 242 is a criminal statute for which no implied civil action exists; and, so that Count I fails to state a claim upon which relief can be granted pursuant to 18 U.S.C.

§ 242 (cited in the Complaint as 18 U.S.C. § 246).

The court, having reviewed the file and being fully advised, finds that Plaintiffs have not responded to this argument. The court finds further that no private cause of action is implied under 18 U.S.C. § 242 and, therefore, the Plaintiff has not stated a claim under that statute upon which relief can be granted. *Fiorino v. Turner*, 476 F.Supp. 962 (D.Mass.1979).

There being no jurisdiction under the counts attempting to allege a federal question, the pendent state claims must also fail.

For the reasons stated, the court does:

ORDER and ADJUDGE that this action be, and it is, DISMISSED.