The **ECONOMIC DEVELOPMENT CORPORATION OF DADE COUNTY, INC., a Florida not for profit corporation, Plaintiff,**

v.

**Merrett R. STIERHEIM, as County Manager of Metropolitan Dade County, and Metropolitan Dade County, a political subdivision of the State of Florida, Defendants.**

No. 84–2210–Civ–KING.

United States District Court, S.D. Florida, Miami Division.

Nov. 30, 1984.

Jaime Claudio Bovell, Coral Gables, Fla., for plaintiff.

Robert A. Cuevas, Jr., Cynthia Johnson, Miami, Fla., for defendants.

ORDER GRANTING DEFENDANT STIERHEIM'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(1)

JAMES LAWRENCE KING, Chief Judge.

THIS CAUSE comes before the Court upon the Defendant Stierheim's Motion for

Summary Judgment or to Dismiss the Plaintiff's Complaint for, inter alia, lack of this Court's subject matter jurisdiction, and upon the Plaintiff's Cross Motion for Summary Judgment.

The Plaintiff is seeking to invoke this Court's jurisdiction pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. Section § 1343 provides in pertinent part:

> (a) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:
>
> .    .    .    .    .
>
> (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.

The aforementioned statute conferring jurisdiction upon this Court is in turn closely related to § 1983, which provides in pertinent part that:

> [Any] person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

In *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), after extensively reviewing the legislative history of § 1983, the United States Supreme Court held that:

> [i]t is abundantly clear that one reason the legislation was passed was to afford a federal right in federal courts because, by reason of prejudice, passion, neglect, intolerance or otherwise, state laws might not be enforced and the claims of citizens to the enjoyment of rights, privileges and immunities guaranteed by the Fourteenth Amendment might be denied by the state agencies. *Id.*, at 180, 81

S.Ct. at 480. *See* also *Parratt v. Taylor*, 451 U.S. 527, 534–35, 101 S.Ct. 1908, 1912–13, 68 L.Ed.2d 420 (1981).

At the onset, this Court notes that the Plaintiff has not alleged that the state laws might not be enforced because of prejudice, passion, neglect, intolerance or otherwise. Consequently, the Court fails to see why the state forum would not provide the Plaintiff adequate redress within the legislative intent of § 1983 and the due process clause of the Fourteenth Amendment. However, before reaching the merits of Plaintiff's Complaint, and before addressing whether a post-deprivation hearing in state court would comport with the Fourteenth Amendment, a brief discussion of the relationship as between the parties and their respective arguments is in order.

As County Manager for Metropolitan Dade County ("County"), Defendant Stierheim's duties required him to carry out the policies of the Board of County Commissioners ("Board"). One of the policies of the Board was to assist minority businesses in special impact areas within the County. In furtherance of this policy, the County, using federally provided Community Development Block Grant funds, entered into several contracts with the Plaintiff to perform certain community development functions. As part of its obligations, the Plaintiff was to administer a revolving loan fund from which, among other things, it made loans to minority businesses. The present controversy centers around one of the above mentioned contracts between the County and the Plaintiff.

■ The Plaintiff is well aware that in order to invoke this Court's subject matter jurisdiction under § 1983, it must allege that it was deprived of life, liberty or property, by someone acting under color of law, without due process of law as guaranteed under the Fourteenth Amendment. *See Parratt*, 451 U.S. at 535, 101 S.Ct. at 1912. However, in analyzing the above-styled cause, the Court notes that the alleged deprivation is procedural in nature, not substantive. *See*, e.g., Travis & Adams,

*The Supreme Court's Shell Game: the Confusion of Jurisdiction and Substantive Rights in Section 1983 Litigation,* 24 B.C.L.Rev. 635 (1983) (criticizing Parratt's mixing of procedure and substance); and Wells & Eaton, *Substantive Due Process and the Scope of Constitutional Torts,* 18 Ga.L.Rev. 201 (1984).

Plaintiff alleges that Defendant Stierheim, while acting as the County's Manager, terminated the above mentioned contract in violation of its Fourteenth Amendment rights to due process. In other words, its property interest has been deprived since the contract was terminated without an opportunity to be heard prior to termination and, furthermore, Defendant Stierheim's defamatory statements, in reporting to the news media the underlying reasons for said termination, have injured its reputation and good will and therefore its liberty interest as well. However, before deciding whether or not the Plaintiff, in fact, has a legitimate claim of entitlement to the contract between itself and the County, which might establish a constitutionally protected property interest, *see,* e.g., *Board of Regents v. Roth,* 408 U.S. 564, 567, 92 S.Ct. 2701, 2704, 33 L.Ed.2d 548 (1972); *Bishop v. Wood,* 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976) or to an attendant liberty interest in reputation, *Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976), the Court must first decide, as suggested earlier, whether the Plaintiff has properly alleged the deprivation of the due process prong of the Fourteenth Amendment/§ 1983 claim. *See,* e.g., *Fundiller v. City of Cooper City,* 578 F.Supp. 303 (S.D.Fla.1984). However, before addressing this issue, further discussion is in order.

Defendant Stierheim, on the other hand, argues that the Plaintiff has not been deprived of its due process rights under the Fourteenth Amendment since an adequate post-deprivation remedy lies in state court. Furthermore, he argues that the contract was terminated for cause and then only after the County's Internal Auditing Department ("IAD") had done a number of extensive audits of Plaintiff's books and records. The audits disclosed that the Plaintiff had improperly used funds which were earmarked for the revolving loan fund, as well as co-mingling of revolving loan fund monies into unrelated accounts, in clear violation of the contract. After receiving this information from IAD, and pursuant to the contract (¶ A of § 12, Part IV) and IAD's recommendation, on September 6, 1984, Defendant Stierheim notified the Plaintiff, by letter, that he was terminating the contract for the above mentioned reasons. It is also argued by Defendant Stierheim, that the contract was terminated to protect the liability of the County and to insure that the public funds, for which the County was responsible, were adequately protected.

In *Parratt,* even assuming the Plaintiff had satisfied the three prerequisites of a valid Fourteenth Amendment due process/§ 1983 claim, e.g., that the Defendant was acting under color of state law, that he infringed a protected property and/or liberty interest ("property"), and that the injuries Plaintiff complains of amounted to a deprivation, the United States Supreme Court has held that "[s]tanding alone, however, these three elements do not establish a violation of the Fourteenth Amendment. Nothing in that Amendment protects against all deprivation of life, liberty, or property by the State. The Fourteenth Amendment protects only against deprivation 'without due process of law.'" 451 U.S. at 537, 101 S.Ct. at 1914, citing *Baker v. McCollan,* 443 U.S. 137, 145, 99 S.Ct. 2689, 2695, 61 L.Ed.2d 433 (1979). Accordingly, the Court went on to explain that the proper inquiry was "whether [the Plaintiff] suffered a deprivation of [property] without due process of law." Specifically, the Court must decide "whether the [contract and/or] tort remedies which the State of [Florida] provides as a means of redress for [property] deprivation satisfy the requirements of procedural due process." *Id.* In other words, would Florida law provide adequate redress in a post-deprivation hearing in state court? The answer is clearly, yes. However, in answering this

dispositive query in the affirmative, the Court notes that even where the "state remedies may not provide the [Plaintiff] with all the relief which may have been available if [it] could have proceeded under § 1983, that does not mean that the state remedies are not adequate to satisfy the requirements of due process." *Parratt,* 451 U.S. at 544, 101 S.Ct. at 1917.

■ Accordingly, the Court finds that Florida's judicial system does provide the Plaintiff with adequate post-deprivation redress within the letter and spirit of the due process clause of the Fourteenth Amendment and, consequently, the Plaintiff has not properly alleged the due process prong of the Fourteenth Amendment/§ 1983 claim. *See Gilmere v. City of Atlanta, Ga.,* 737 F.2d 894 (11th Cir.1984). The Court, therefore being fully advised in the premises, herein does

ORDER and ADJUDGE that the Defendant's Motion to Dismiss be, and it is, GRANTED due to Plaintiff's failure to allege this Court's subject matter jurisdiction. Furthermore, the Court finds that since both Defendants' stand in relatively the same position, it is

ORDERED and ADJUDGED that the Plaintiff's Complaint be, and it is, DISMISSED as to both Defendants'. Also, the Court is aware that the Defendants' have subpoenaed thirteen (13) of Plaintiff's clients for deposition on the 4th and 5th of December, 1984, and, as a result, the Plaintiff's have moved for a Protective Order in an attempt to prevent these depositions from being taken. However, in light of this Court's decision today, it is

ORDERED and ADJUDGED that the above mentioned subpoenaes be, and they are, QUASHED and, therefore, Plaintiff's clients are relieved from complying with same.

DONE and ORDERED in chambers at the United States Courthouse, Miami, Dade County, Florida this 30th day of November, 1984.