782 F.2d 952
 54 USLW 2480
 The ECONOMIC DEVELOPMENT CORPORATION OF DADE COUNTY, INC., a
Florida not for profit corporation, Plaintiff-Appellant,
v.
Merrett R. STIERHEIM, as County Manager for Metropolitan
Dade County, and Metropolitan Dade County, a
political subdivision of the State of
Florida, Defendants-Appellees.
 No. 84-5999.
 United States Court of Appeals,
Eleventh Circuit.
 Feb. 20, 1986.
 
 Jaime Claudio Bovell, Coral Gables, Fla., for plaintiff-appellant.
 Cynthia Johnson, Stephen P. Lee, Asst. Co. Attys., Miami, Fla., for defendants-appellees.
 Appeal from the United States District Court for the Southern District of Florida.
 Before GODBOLD, Chief Judge, FAY, Circuit Judge, and PECK*, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 The Economic Development Corporation of Dade County (EDCO) appeals from the order of the district court dismissing its complaint against Dade County, Florida and Merrett Stierheim, the Dade County Manager. 606 F.Supp. 108. EDCO's complaint alleged that these defendants had violated its Fourteenth Amendment rights and thus were liable under 42 U.S.C. Sec. 1983. Because the facts alleged in the complaint do not constitute an infringement of any constitutionally protected right, we affirm the district court's order.
 
 I. FACTS
 
 2
 For approximately three years EDCO had been the sub-grantee for Dade County pursuant to a grant program administered by HUD. HUD provided funds to the county to promote economic development in areas that had suffered the adverse affects of several civil disturbances. In order to distribute these funds the County signed a series of one-year contracts with EDCO. As part of its obligations EDCO was to administer a revolving loan fund from which it made loans to minority businesses. The contract also allowed the county to terminate the agreement upon one of two conditions. If EDCO failed to perform adequately its obligations, the county could terminate the contract after giving EDCO five working days notice. The county could terminate the contract for its convenience provided it gave EDCO ten working days notice.
 
 
 3
 In September 1984 the county, acting through Stierheim, invoked the for-cause termination provision and gave EDCO the requisite five days notice. The county told EDCO that the contract was being terminated because an audit it had conducted disclosed that EDCO had commingled and diverted funds. Stierheim later released the content of this audit to the press and told the press that EDCO was under criminal investigation.
 
 
 4
 After it lost its contract with the county, EDCO filed a Sec. 1983 suit against Dade County and Stierheim, containing two distinct claims: first, that by failing to hold a predeprivation hearing on the termination of the contract, the county and Stierheim had deprived it of property without due process of law; second, that Stierheim, through his statements to the press, had deprived it of both its liberty and property interest in its reputation and goodwill without due process of law.[1] The district court, on defendants' motion for summary judgment, dismissed both claims. Without addressing the issue of whether EDCO had either a property or liberty interest protected by the Fourteenth Amendment, it held that under Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), there had been no denial of due process because Florida law provided EDCO with an adequate remedy in state court.
 
 II. DISCUSSION
 A. Termination of the contract
 
 5
 EDCO claims that the county and Stierheim deprived it of due process when it cancelled its contract with EDCO without holding a hearing on the proposed termination either before or after the termination. Although the district court found that there was no denial of due process because state contract law provided EDCO with an adequate remedy, we need not enter the quagmire of Parratt v. Taylor to dispose of EDCO's contract-cancellation claim. In assessing a claim based on an alleged denial of procedural due process a court must first decide whether the complaining party has been deprived of a constitutionally protected liberty or property interest. Absent such a deprivation, there can be no denial of due process. See Brown v. Brienen, 722 F.2d 360, 363 (7th Cir.1983) ("The question of whether there was a deprivation of property is logically prior to the question of whether there was a denial of due process....").
 
 
 6
 EDCO does not contend that it had a liberty interest in its contract with the county but rather, that its contract is "property" within the meaning of the Fourteenth Amendment. This assertion is incorrect as a matter of law. The Supreme Court in Logan v. Zimmerman Brush, 455 U.S. 422, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982), provided useful guidance for determining what interests constitute "property" as envisioned by the Fourteenth Amendment. In that case the Court remarked that "[t]he hallmark of property ... is an individual entitlement grounded in state law, which cannot be removed except 'for cause'." Id. at 430, 102 S.Ct. at 1155. See also, Board of Regents v. Roth, 408 U.S. 564, 576-78, 92 S.Ct. 2701, 2708-10, 33 L.Ed.2d 548 (1972) (no property interest in having contract renewed where previous contract did not require renewal absent sufficient cause). Under this simple test EDCO did not possess a property interest in its contract with the county. EDCO admits that the contract allowed the county to terminate the agreement at its convenience, i.e., without cause. This type of termination clause has been held enforceable by the Florida courts, see Bossert v. Palm Beach Co., 404 So.2d 1138, 1139 (Fla.App.1981) (requirement that plaintiff give two weeks notice before unilaterally changing the terms of the contract constitutes enough of a restriction on plaintiff's freedom to enforce the contract), and EDCO has not identified any federal regulation prohibiting such a clause under the HUD grant program.[2] Thus, EDCO had no assurances that its contract would still be in force for more than the next two weeks. This lack of an entitlement to the continued existence of its contractual relationship with the county prevented EDCO from acquiring a property interest in its contract with the county.
 
 
 7
 That the county cancelled the contract pursuant to the for-cause provision instead of the convenience provision does not affect this analysis. The question of whether a party has a property interest in a contract entails an examination of the rights that party has under the contract. If there was no property interest when the contract was entered into, no property interest was created by the contract's being terminated pursuant to one of its provisions instead of another. It is the existence of the convenience provision, not its invocation, that defeats EDCO's claim that it was deprived of property without due process of law when the contract was terminated.
 
 B. Statements made to the press
 
 8
 EDCO's second Sec. 1983 claim rests on the statements Stierheim gave to the press concerning the contract termination which EDCO says injured its goodwill and reputation. As with the contract termination claim, the beginning point in assessing whether EDCO has stated an actionable claim under Sec. 1983 for denial of procedural due process is the question whether it has been deprived of a constitutionally protected liberty or property interest.
 
 
 9
 EDCO allegations against Stierheim states a claim for deprivation of a constitutionally protected liberty and property interest. In Marrero v. City of Hialeah, 625 F.2d 499 (5th Cir.1980), this court held that because Florida law grants a business a property interest in its goodwill, a plaintiff states a denial of a constitutionally protected property interest when it alleges that a government actor has deprived it of its goodwill without the requisite procedural protections. Id. at 514-15. We also held in Marrero that a plaintiff is deprived of a liberty interest when a government actor defames a business and this defamation results in the loss of goodwill. Id. at 515-16. Thus, in its second claim EDCO has satisfied the first prerequisite for stating a Sec. 1983 claim based on denial of procedural due process by alleging that it has been deprived of an interest protected by the Fourteenth Amendment.
 
 
 10
 Because EDCO has alleged the deprivation of a constitutionally protected interest, we must decide whether EDCO received the process that it was due. Under Hudson v. Palmer, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984), it is clear that EDCO was not entitled to a pre-deprivation hearing concerning the statements made by Stierheim. In Hudson the Court ruled that in determining whether a party should have been granted a predeprivation hearing "[t]he controlling inquiry is solely whether the State is in a position to provide for predeprivation process." In the instant case the state was not in such a position. Nowhere in EDCO's complaint is it alleged that the county knew that Stierheim was going to make the statements that EDCO alleges unlawfully damaged it. Indeed, given the nature of the alleged harm--false statements allegedly made by a county employee in an effort to discredit a private business--ordinarily the state would not be in position to provide a predeprivation remedy.
 
 
 11
 Thus, EDCO should be allowed to pursue its Sec. 1983 claim in federal court only if it can demonstrate that the postdeprivation remedies provided by state law are inadequate. See Hudson v. Palmer; Parratt v. Taylor. EDCO does have an adequate remedy at state law. Although Stierheim enjoys absolute immunity from suit for actions carried out in his official capacity,[3] see Hauser v. Urchisin, 231 So.2d 6 (Fla.1970); Grady v. Scaffe, 435 So.2d 954, 955 (Fla.App.1983), the county is not immune to suit.[4] The Florida Legislature has waived its sovereign immunity and the sovereign immunity of all its subdivisions for all torts committed by its employees and officers acting within the scope of their employment. Fla.Stat.Ann. Sec. 768.28 (West Supp.1984). Unlike the Federal Tort Claims Act, the Florida waiver of sovereign immunity does not contain an exception for discretionary acts. See Huhn v. Dixie Ins. Co., 453 So.2d 70 (Fla.App.1984). EDCO has not contended that Stierheim was acting outside the scope of his official capacity when he made the statements at issue nor that it could not sue the county in the Florida courts.
 
 
 12
 That EDCO may not receive the same relief in state courts that it would in federal courts does not require us to hold that the available state law remedies are inadequate. Although EDCO cannot receive punitive damages from the county, see Fla.Stat.Ann. Sec. 768.28(5) (West Supp.1984), a claimant need not receive identical relief in state court in order for the state remedies to be adequate. In Parratt v. Taylor the claimant urged that his state law tort remedy was inadequate because it did not provide for punitive damages. The court dismissed this argument because the state law fully "compensated" him for his loss. Although the Court has not defined the parameters of what it meant by full "compensation," we need not delineate its exact boundaries in this case. In its complaint EDCO alleges that Stierheim's statements caused $100,000 damage to its goodwill and reputation. Florida's waiver of the county's sovereign immunity limits recovery to $100,000. Fla.Stat.Ann. Sec. 768.28(5) (West Supp.1984). Thus, were EDCO to prevail in full on its claim based on the statements made by Stierheim, it could receive damages equal to the alleged amount of its injury. Such a recovery would constitute full compensation. Thus, we find that EDCO has an adequate state law remedy for any harm unlawfully caused by Stierheim's statements, and, accordingly, has not stated a claim based on deprivation of due process.
 
 
 13
 AFFIRMED.
 
 
 
 *
 Honorable John C. Peck, Senior U.S. Circuit Judge for the Sixth Circuit, sitting by designation
 
 
 [1]
 EDCO, in an effort to avoid Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), attempts to couch its claim in terms of substantive, as well as procedural, due process. In light of the facts alleged by EDCO this characterization is inappropriate
 
 
 [2]
 EDCO asserts that 24 C.F.R. p 570.913(c)(1) restricts the county's ability to terminate a HUD contract to situations where sufficient cause has been shown. By its terms this section regulates the relationship between HUD and its grantee, in this case the county. It does not govern the relationship between grantee and sub-grantee
 
 
 [3]
 Although Florida has waived the sovereign immunity of the county, the Florida courts have held that this waiver does not affect the official immunity enjoyed by government officials. See Cobb's Auto Sales, Inc. v. Coleman, 353 So.2d 922 (Fla.App.1978) (statutory waiver of sovereign immunity did not affect defense of official immunity asserted by sheriff in a defamation action)
 
 
 [4]
 EDCO's complaint seeks relief only against Stierheim for damage caused by the statements that he made. EDCO does have a state law remedy against the county that would fully compensate it for any injury that it received. See text infra. Thus, had EDCO sought damages against the county for the statements Stierheim made while acting in his official capacity, it would have been precluded from maintaining its suit in federal court. EDCO's failure to include the county should not require us to hold that EDCO has been denied due process