WAM PROPERTIES, INC., et al., Plaintiffs,

v.

DESOTO COUNTY, FLORIDA, et al., Defendants.

No. 90–168–CIV–FTM–17.

United States District Court, M.D. Florida, Tampa Division.

March 12, 1991.

Nancy Kane Donnellan, Demanio & Young, P.A., Sarasota, Fla., for plaintiffs.

Gary Alan Vorbeck, Vorbeck & Vorbeck, P.A., Arcadia, Fla., Patrick Emmett Geraghty, Sr., Alderman & Geraghty, P.A., Ft. Myers, Fla., for defendants.

## ORDER ON MOTION TO DISMISS

KOVACHEVICH, District Judge.

This cause comes before the Court on Defendant Desoto County's motion to dismiss, filed July 11, 1990 and supplemental authority filed August 10, 1990. Plaintiffs' complaint and demand for jury trial, filed on June 15, 1990, notice of supplemental authority, filed August 16, 1990, and response thereto filed August 2, 1990, alleges Defendants Desoto County and Edward S. Patterson are liable for depriving Plaintiffs of their rights under the Constitution and laws of the United States and the State of Florida, in violation of 42 U.S.C. § 1983.

### ISSUES

I. Whether Plaintiffs' complaint sufficiently alleges the violation of any right, privilege, or immunity under the Constitution or laws of the United States in order to state a claim upon which relief can be granted under 42 U.S.C. § 1983.

II. Whether the Plaintiffs' complaint alleges sufficient facts to show that a custom or policy of Defendant, Desoto County, Florida, existed and that this custom or policy deprived Plaintiffs of rights secured by the Constitution or laws of the United States.

III. Whether the Plaintiffs' suit must be dismissed because they are required to exhaust any possible remedies provided by Florida law before bringing a federal claim under 42 U.S.C. § 1983.

### FACTS

Plaintiffs bring this action against Defendants Desoto County, Florida (County) and Edward S. Patterson (Patterson) pursuant to 42 U.S.C. § 1988 and 42 U.S.C. § 1983. Plaintiffs seek redress for acts or omissions committed under color of state law depriving them of their due process and equal protection rights under the Constitution and laws of the United States and the State of Florida.

Plaintiff WAM Properties, Inc. (WAM) is a Florida Corporation owning several rental properties in Desoto County, Florida. Plaintiffs William H. Altman (Altman), Anthony V. Messina (Messina) and Dan G. Wells (Wells) are shareholders and sole owners of WAM and are responsible for the management of WAM's rental properties. Wells, Altman, and Messina are also employed by the City of Arcadia Fire Department; Wells is the Fire Marshal, Altman is the Assistant Fire Chief, and Messina is the City's Fire Chief. Edward S. Patterson (Patterson) is a Code Enforcement Officer and is responsible for enforcing the Desoto County Zoning Ordinance. Code enforcement procedures are prescribed by the Desoto County Zoning Ordinance and Chapter 162, Florida Statutes (1989).

In their complaint, Plaintiffs allege that pursuant to a custom or policy of the County, neither the Desoto County Zoning Ordinance nor Chapter 162, Florida Statutes (1989) were followed in enforcing the Zoning Ordinance. Consequently, Plaintiffs aver that this custom or policy violates the Constitution and laws of the United States as well as the laws of the State of Florida. Plaintiffs also allege that the County Board of Commissioners, with the full knowledge and acceptance of "the failure of Patterson" and of the Building and Zoning Department of the County, had a custom and policy which violated the equal protection and due process rights of its citizens as guaranteed under the Constitution of the United States.

Further, Plaintiffs allege that prior to the end of May, 1990, each notice of alleged code violations sent to WAM was corrected. Plaintiffs aver that at the end of May, 1990, Patterson and Development Director Ronald Milburn (Milburn) informed the Board of County Commissioners that numerous alleged violations occurred on the properties owned by WAM. Plaintiffs next allege that the Board of County Commissioners voted to authorize the Zoning Department to file suit against WAM. Plaintiffs allege that this act by the Board of County Commissioners is an act of official governmental policy. Also, Plaintiffs state that at the time the Board of County Commissioners authorized suit to be filed, WAM had not been notified of any alleg-

edly uncorrected violations and was specifically informed by County officials that there were no current problems.

Plaintiffs contend that Patterson and the Board of County Commissioners violated the rights of WAM, Wells, Altman, and Messina, that are secured under the Constitution and laws of the United States by not implementing the code enforcement procedures of Chapter 162, Florida Statutes (1989) or the Desoto County Zoning Ordinance. Particularly, Plaintiffs aver that Defendants acted, under color of state law, to deny their equal protection rights, and deprive them of property rights, including the right to rent their properties and to operate coin operated laundry machines. Plaintiffs contend they have suffered loss of rental income, pain, suffering, humiliation, embarrassment, emotional distress and damage to their reputations as a result of the Defendants' conduct.

Moreover, Plaintiffs allege that the actions of Patterson, Milburn, and the Board of County Commissioners were widely reported in the press, causing undue embarrassment and loss of income to the owners of WAM. Patterson went onto several of the WAM properties with a newspaper reporter and made numerous statements regarding alleged code violations, without notice to the owners that he was going to enter the properties, and made allegedly defamatory statements about Wells, Altman, and Messina, all of which were reported to the press. Plaintiffs maintain that the alleged violations were "not, in fact, violations of any code." Patterson's statements to the Board of County Commissioners and to the press were allegedly designed to embarrass Wells, Altman, and Messina, as well as the City of Arcadia, because all three are employees of the City of Arcadia Fire Department. As a result of Patterson's defamatory statements, Plaintiffs' professional reputations have been allegedly prejudiced, thereby injuring Plaintiffs. Additionally, as a result of these statements, persons have refused to lease properties owned by Plaintiffs, causing a loss of income.

## STANDARD OF REVIEW

The Eleventh Circuit acknowledged that complaints should not be dismissed for failure to state a claim per Fed.R.Civ.P. 12(b)(6) unless it appears beyond a doubt that Plaintiff can prove no set of facts entitling him or her to relief. *Little v. City of Miami*, 805 F.2d 962, 965 (11th Cir.1986) [citing *Bradbury v. Pinellas County*, 789 F.2d 1513, 1515 (11th Cir.1986) (quoting *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)].

## DISCUSSION

■ The first matter for discussion is whether Plaintiffs' complaint contains allegations showing a violation of any right, privilege, or immunity under the Constitution or laws of the United States that is sufficient to state a claim upon which relief can be granted under 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing that a defendant's act or omission, performed under color of state law, deprived him or her of a right, privilege, or immunity protected by the Constitution or laws of the United States. *Little v. City of Miami*, 805 F.2d 962, 965 (11th Cir.1986) [quoting *Emory v. Peeler*, 756 F.2d 1547, 1554 (11th Cir. 1985)].

■ Florida does recognize business reputation, at least to the extent it approximates goodwill, as a property interest under the United States Constitution. *Marrero v. City of Hialeah*, 625 F.2d 499, 514 (11th Cir.1980). The State of Florida has long extended its protection to intangible business interests. *Id.* Under Florida law a person's business "aside from the investment of money and tangible property therein, is in every sense of the word property, and as such, if lawful, entitled to protection from all unlawful interference." *Id.* [quoting *NAACP v. Webb's City, Inc.*, 152 So.2d 179, 182 (Fla.Dist.Ct.App.1963), *vacated as moot*, 375 U.S. 190, 84 S.Ct. 635, 11 L.Ed.2d 602 (1964)]. Florida guarantees persons " 'legal guarantees of present enjoyment' of goodwill", *i.e.* the value inhering in the favorable consideration of customers arising from a business' reputation

as being well established and well conducted. Since that interest is a protected property interest under Florida law, Florida may not deprive [Plaintiffs] of that interest without due process of the law. *Id.* at 515.

The *Marrero* court explained that just as a state may not destroy a person's tangible property without complying with the due process requirements of the fourteenth amendment, it may also not destroy a person's intangible property (goodwill) through the medium of speech without complying with the same due process requirements. *Id.* Thus, to the extent that defamatory statements by the government official in *Marrero* injured that plaintiff's goodwill without due process of law, the plaintiff in *Marrero* stated a claim upon which relief could be granted. *Id.*

■ To the extent that these Defendants' alleged defamation caused injury to the business and/or personal reputations of Plaintiffs and to their business' goodwill, the stigma-plus requirement of *Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976), is satisfied. *Marrero,* 625 F.2d at 516. The reputational interests at stake "are the interests an individual has in being free to move about, live, and engage in his livelihood without the burden of an unjustified label of infamy." *Id.* Where government injures those interests by leveling defamatory charges of a nature that harms a person's protected business interests, the reputational interests rise to the level of liberty interests which are protected under the due process clause of the fourteenth amendment. *Id.*

The next question presented is whether the Plaintiffs' complaint alleges sufficient facts to show that a custom or policy of Defendant, Desoto County, Florida existed and that the custom or policy deprived Plaintiffs of rights secured by the Constitution or laws of the United States. Municipal entities and their officials can be sued under section 1983 when a plaintiff establishes that he or she suffered a constitutional deprivation resulting from governmental policy. *Little,* 805 F.2d at 865. Policy can be either:

'a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officer's' or a 'governmental "custom" even though such a custom has not received formal approval through the body's official decision making channels.'

*Id.* [quoting *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978)].

■ Municipalities may be liable under 42 U.S.C. § 1983 for even single decisions by a properly constituted legislative body, such as the County. *Bannum, Inc. v. City of Fort Lauderdale,* 4 FLW C577 (11th Cir. June 1, 1990). Plaintiffs properly alleged that the Board of County Commissioners' public authorization of a lawsuit against them for code violations constituted an act of official governmental policy. Also, the Plaintiffs properly pled the custom/policy aspect of § 1983 where they alleged that the Board of Commissioners, with full knowledge of the failure of Patterson as a code enforcement officer, and of the Building and Zoning Department to employ proper procedures for code enforcement, established a custom and policy which deprived Plaintiffs of their rights under the Constitution and laws of the United States.

■ Finally, we must decide whether the Plaintiffs' suit must be dismissed because an adequate remedy exists under Florida law. Under 42 U.S.C. § 1983 there is no requirement that state remedies be exhausted. This case is distinguishable from *Economic Development Corp. of Dade County v. Stierheim,* 782 F.2d 952 (11th Cir.1986) (even though relief may not be identical, state law remedy may provide adequate post-deprivation relief), because in *Economic,* the court stated that nowhere was it alleged that the County knew of the allegedly defamatory statements of the official, and thus the state could not have been in a position to provide a pre-deprivation remedy.

■ While in this case, there are allegations that Patterson allegedly made false and defamatory statements regarding Plaintiffs' allegedly non-existent code violations to the Board of County Commission-

ers towards the end of May, 1990. Thus, in this case there was possibly an opportunity for a pre-deprivation hearing before Patterson notified the press. That hearing never came about. Pursuant to *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984), if a governmental entity is in a position to provide for pre-deprivation process, due process concerns are satisfied if this step is taken.

ORDERED that the Motion to Dismiss of Defendant Desoto County be denied.

DONE AND ORDERED.