United States Court of Appeals,

Eleventh Circuit.

No. 97-2584.

CYPRESS INSURANCE COMPANY, Plaintiff-Appellant.

v.

Herbert F. CLARK, Defendant-Appellee.

July 1, 1998.

Appeal from the United States District Court for the Northern District of Florida. (No. 4:96-CV-359-WS), William Stafford, Judge.

Before HATCHETT, Chief Judge, and RONEY and LAY*, Senior Circuit Judges.

RONEY, Senior Circuit Judge:

The district court decided that an insurance company, damaged by defamatory statements made by an employee of the Florida Department of Insurance, could not state a claim under 42 U.S.C. § 1983 for constitutional deprivation of liberty or property without due process of law. Concluding that Supreme Court precedent forecloses such an alleged cause of action, we affirm.

Cypress Insurance Company, the plaintiff in this case, reinsured flood insurance policies written in Florida by the National Casualty Company. Cypress alleges in its papers that Herbert Clark, the Chief of Staff of the Florida Department of Insurance, launched a campaign to drive Cypress out of business by disseminating false and defamatory statements. According to Cypress, Clark's campaign succeeded in convincing National Casualty, Cypress's only customer, to withdraw from the Florida insurance market. After National Casualty terminated its Florida flood insurance program, Cypress no longer had any business. Cypress therefore brought suit under 42 U.S.C. §

---

*Honorable Donald P. Lay, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

1983, claiming that Clark's statements had deprived it of its property—business goodwill—without due process of law.

The district court correctly recognized that Cypress did not properly allege the deprivation of a constitutionally protected property or liberty interest. To establish a procedural due process claim, a plaintiff must first show the deprivation of a liberty or property interest protected by the Due Process Clause. *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). In defamation cases brought under section 1983, allegations of injury to reputation alone do not support a section 1983 claim for violation of due process, and therefore must be accompanied by a constitutionally recognized injury. *Paul v. Davis,* 424 U.S. 693, 712, 96 S.Ct. 1155, 1165-66, 47 L.Ed.2d 405 (1976). This rule, labeled the "stigma-plus" standard, requires a plaintiff to show that the government official's conduct deprived the plaintiff of a previously recognized property or liberty interest in addition to damaging the plaintiff's reputation. *Id.* at 712, 96 S.Ct. at 1165-66. The rule is designed to prevent the Due Process Clause from becoming an all-purpose constitutionalization of state tort law. *Id.* at 701, 96 S.Ct. at 1160-61.

Because Cypress has not alleged the deprivation of any legal rights or tangible property interests, such as the revocation of its license to engage in the business of insurance, a straightforward application of *Paul v. Davis* would seem to defeat any constitutional due process claim. Cypress, however, points to our prior opinion in *Marrero v. City of Hialeah,* 625 F.2d 499 (5th Cir.1980), *cert. denied,* 450 U.S. 913, 101 S.Ct. 1353, 67 L.Ed.2d 337 (1981) in support of its argument that its business reputation was protected by the Fourteenth Amendment. *Marrero* held that Florida law recognizes a property interest in business reputation, and that this state-created property right is protected by the Due Process Clause. In *Marrero,* however, the state not only defamed the plaintiff's business, but also deprived the plaintiff of more tangible property interests:

the Hialeah Police Department illegally seized most of the plaintiff's inventory in violation of the Fourth Amendment.

The *Marrero* decision has resulted in some confusion regarding the extent of section 1983 in this Circuit. On the one hand, we have cited *Marrero* for the proposition that Florida law recognizes business goodwill as an interest protected by the Due Process Clause. In *Espanola Way Corp. v. Meyerson,* 690 F.2d 827 (11th Cir.1982), we held that a city commission's plan to combat illegal Cuban immigration by harassing hotels catering to Cuban Refugees implicated the hotels' constitutionally protected interest in their business reputations. In *Economic Development Corp. of Dade County v. Stierheim,* 782 F.2d 952 (11th Cir.1986), we held that statements made by the manager of Dade County that injured a business's goodwill and reputation affected liberty and property interests protected by the Fourteenth Amendment. And in *Little v. City of North Miami,* 805 F.2d 962 (11th Cir.1986), we held that damage to an attorney's professional reputation caused by a defamatory city counsel resolution implicated liberty and property interests protected by the Constitution. We have also stated, however, that "[w]e do not think the law of this Circuit has established that defamation occurring other than in the course of dismissal from a job or in the termination or significant alteration of some other legal right or status will suffice to constitute a deprivation sufficient to state a claim under section 1983." *Von Stein v. Brescher,* 904 F.2d 572, 582 (11th Cir.1990).

Although the *Marrero* line of precedent suggests that allegations of damage to business reputation by official state action may occasionally rise to the level of a deprivation of constitutional due process rights, this case is governed by the most recent pronouncement by the Supreme Court on this issue. In *Siegert v. Gilley,* 500 U.S. 226, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991), the Court held that a psychologist who had lost his job at an army hospital due to an allegedly defamatory

letter written by the psychologist's previous supervisor at another government hospital could not allege the deprivation of a constitutionally protected right. Indeed, the Court specifically rejected the notion that defamation by a government actor that causes injury to professional reputation violates procedural due process. The Court suggested that although injury to business reputation may be relevant to damages in a section 1983 action, these damages would only be available in a case involving the deprivation of a more tangible liberty or property right:

> The statements contained in the [defamatory] letter would undoubtedly damage the reputation of one in his position, and impair his future employment prospects. But the plaintiff in *Paul v. Davis* similarly alleged serious impairment of his future employment opportunities as well as other harm. Most defamation plaintiffs attempt to show some sort of special damage and out-of-pocket loss which flows from the injury to their reputation. But so long as such damage flows from injury caused by the defendant to a plaintiff's reputation, it may be recoverable under state tort law but it is not recoverable in a *Bivens* action.

> *Id.* at 234, 111 S.Ct. at 1794.

The Supreme Court's message in *Siegert* is clear and unmistakable: Section 1983 did not make every tort committed by a state official a violation of constitutional rights. In particular, damages to a plaintiff's business reputation are only recoverable in a section 1983 action if those damages were incurred as a result of government action significantly altering the plaintiff's constitutionally recognized legal rights.

In this case, Cypress has alleged no government action other than false statements made by Herbert Clark, the Chief of Staff of the Florida Department of Insurance. This may well be a tort, but it is not a violation of the right to due process of law.

AFFIRMED.