DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

RODNEY W. JANELLE,

Appellant,

v.

VETERANS VILLAS II HOMEOWNERS
ASSOCIATION, INC.,

Appellee.

No. 2D2024-0842

_____

April 23, 2025

Appeal pursuant to Fla. R. App. P. 9.130 from the Circuit Court for Pasco
County; Declan P. Mansfield, Judge.

Jawdet I. Rubaii of Jawdet I. Rubaii, P.A., Clearwater, for Appellant.

Tiffany M. Love of Adams and Reese, LLP, Tampa, for Appellee.

MORRIS, Judge.

Rodney W. Janelle appeals from a nonfinal order containing
provisions granting a preliminary injunction against him in Veterans
Villas II Homeowners Association, Inc.'s action for temporary and
permanent injunctive relief. We conclude that the trial court erred by (1)
failing to include factual findings in support of the injunction and (2)
failing to address the issue of a bond and to conduct an evidentiary
hearing thereon or to explain the reasons for waiving the bond

requirement.[1]  *See generally* Fla. R. Civ. P. 1.610 (providing requirements for imposition of injunction); *see also Phelan v. Trifactor Sols., LLC*, 312 So. 3d 1036, 1039 (Fla. 2d DCA 2021) (addressing need for factual findings and evidentiary hearing to address bond); *cf. Layne & Brill, P.A. v. Brill*, 453 So. 2d 890, 890 (Fla. 3d DCA 1984) (concluding in relevant part that trial court erred by entering injunction without factual findings and without providing for bond or setting forth reasons for waiving bond requirement).  We therefore reverse the portions of the order that impose injunctive relief against Janelle and remand for further proceedings.  We affirm the other portions of the order without further comment.[2]

Affirmed in part, reversed in part, and remanded.


ATKINSON and SMITH, JJ., Concur.

---

[1] In its answer brief, Veterans Villas presented only one argument asserting that Janelle did not have a constitutionally protected interest and, therefore, that he could not assert a due process violation. Veterans Villas relies on *Economic Development Corp. of Dade County, Inc. v. Stierheim*, 782 F.2d 952, 953-54 (11th Cir. 1986), but we are not persuaded that that case is applicable here.  And we note that while Janelle raised additional arguments beyond those serving as the basis for our reversal, Veterans Villas did not present any arguments refuting any of Janelle's arguments in this appeal.  Thus Veterans Villas has waived any argument on the issues raised by Janelle.  *See Polyglycoat Corp. v. Hirsch Distribs., Inc.*, 442 So. 2d 958, 960 (Fla. 4th DCA 1983) (on motion for reh'g) ("When points, positions, facts and supporting authorities are omitted from the brief, a court is entitled to believe that such are waived, abandoned, or deemed by counsel to be unworthy.").

[2] In its order, the trial court also granted a motion to dismiss the amended complaint filed by Janelle's brother and denied a purported pending motion to dismiss the amended complaint filed by Janelle. However, Janelle's motion was not filed until after entry of the order on appeal.  Janelle does not challenge this erroneous conclusion on appeal.

Opinion subject to revision prior to official publication.