339 So.2d 1150 (1976)
Donald C. EVANS, Appellant,
v.
James HARDCASTLE, in His Official Capacity As Sheriff of Sarasota County, Florida, Appellee.
No. 76-562.
District Court of Appeal of Florida, Second District.
December 3, 1976.
Larry Helm Spalding and Tobey C. Hockett of Hockett, Silver, Spalding & Lewis, Sarasota, for appellant.
Terry L. Demeo, South Miami, for amicus curiae, The American Civil Liberties Union.
Larry Byrd, Jr., of Ginsburg & Byrd, Sarasota, for appellee.
*1151 SCHEB, Judge.
Appellee Sheriff of Sarasota County dismissed appellant from serving as one of his deputies. The trial court refused to reinstate the appellant and declined to require the sheriff to afford him notice and a hearing. We affirm.
Appellant began serving as a deputy sheriff in the Sarasota County Sheriff's Department in 1969. He was discharged from that position by appellee on October 30, 1975. The following day he received a letter from the sheriff, stating that he was dismissed because his conduct did not meet the efficiency, morale and reputation standards which the sheriff demanded. Shortly before dismissal, appellant had disclosed that he intended to run against the sheriff in the next election. Appellant contended that his announced intention to seek the office of sheriff was the real reason the sheriff terminated his services.
The trial court heard this dispute on the appellant's amended complaint for declaratory judgment which sought injunctive relief to require the appellee sheriff to reinstate appellant as a deputy. The sheriff moved to dismiss and the parties agreed for the court to determine all legal questions in ruling on the motions before the court. The trial judge held that Sections 112.531-112.534, Florida Statutes (1975), which afford certain procedural safeguards to career law enforcement personnel, and are sometimes referred to as the Police Officers' Bill of Rights, are not applicable to the sheriff. Further, the trial court ruled that a county civil service ordinance afforded the appellant no basis for relief since the sheriff had never certified his department pursuant to that ordinance.
Appellant's contentions before this court are now threefold: first, that he was entitled to a hearing pursuant to Section 112.532, Florida Statutes (1975); second, that the sheriff improperly denied him a hearing under Chapter 65-2231, Laws of Florida, which created a civil service system for Sarasota County; and third, that his right to hold office as a deputy sheriff and the stigma which will attach to his dismissal mandate a hearing irrespective of statutory authority. We reject each of the appellant's contentions.
First, the sheriff, as a constitutional officer, does not come within the purview of Section 112.531(2), Florida Statutes (1975), wherein employing agency is defined "... any municipality or the state or any political subdivision thereof ..."; hence, Section 112.532 (1975) is inapplicable here. See Johnson v. Wilson, 336 So.2d 651 (Fla.1st DCA, 1976).
Second, if not abrogated by the Sarasota County Home Rule Charter adopted pursuant to the Florida Constitution of 1968, Chapter 65-2231, was abrogated by Sarasota County Ordinance No. 72-85, a Civil Service Act adopted by the Board of County Commissioners in October 1972, since that ordinance effectively repealed Chapter 65-2231 as permitted by Article VIII, Sections 1(g) and 6(d) of the Florida Constitution of 1968 relating to charter government of counties. Further, Section 3 of that ordinance provides that it does not become operative until the sheriff has certified to the Board of County Commissioners and the Civil Service Board that the office of sheriff is properly and sufficiently organized and capable of functioning under the Civil Service Rules provided therein. No contention is made that there has been any such a certification by the appellee sheriff.
Third, as noted by the trial court, a deputy sheriff is not an ordinary employee but rather is an officer who holds his appointment from the sheriff and who acts for the sheriff in his name and stead. See Blackburn v. Brorein, 70 So.2d 293 (Fla. 1954). The sheriff is responsible for the neglects and defaults of his deputies, Section 30.07, Florida Statutes (1975). Hence, he is given broad authority in their selection and dismissal. Appellant cites Robison v. Wichita Falls, 507 F.2d 245 (5th Cir.1975), in support of his contention that irrespective of statute or ordinance he is entitled to a hearing. In Robison, the 5th Circuit *1152 indicated that in some instances a nontenured public employee may have a right to a hearing to clear his good name; e.g. where allegations are publicly made that he is guilty of immoral or dishonest conduct. We do not reach that issue here for there were no allegations in appellant's amended complaint of accusations of that type concerning appellant's discharge.[1] It was only when the sheriff, in defense of an application for temporary injunctive relief, filed an affidavit that he cited any instances of appellant's misconduct.[2] Furthermore, the mere subjective expectation of continuing in the role of a deputy sheriff, as alleged by the appellant, is not a property right sufficient to invoke due process of law requirements concerning notice and hearing and termination for cause. Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972).
Accordingly, the judgment of the trial court is affirmed.
HOBSON, Acting C.J., and GRIMES, J., concur.
NOTES
[1] The dismissal notice directed to appellant by the sheriff was attached as exhibit A to appellant's complaint and stated as follows:

This is to advise you that you are, as of this date, October 30, 1975, being terminated as a deputy sheriff with the Sarasota County Sheriff's Department. It is my opinion that your position with the Sheriff's Department is no longer conducive to the betterment of law enforcement with the Sheriff's Department. It has become apparent that your responsible position in recent weeks does not meet the efficiency, morale and reputation demanded by me for a deputy sheriff with the organization. I feel that the efficiency of the Sheriff's Department would be decreased with your continued employment with the Sheriff's Department.
[2] In its most recent decision in this issue, Bishop v. Wood, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976), the United States Supreme Court held that a communication made in the course of a judicial proceeding, which did not commence until after the discharged employee had suffered the injury for which he sought redress, could not provide retroactive support for his claim.