516 So.2d 1148 (1987)
Roy Lee HULLINGER, Appellant,
v.
RYDER TRUCK RENTAL, INC., Appellee.
No. 87-1073.
District Court of Appeal of Florida, Fifth District.
December 24, 1987.
*1149 Glen D. Wieland of Kelaher & Wieland, P.A., Orlando, for appellant.
Anne C. Conway of Carlton, Fields, Ward, Emmanuel, Smith, Cutler & Kent, P.A., Orlando, for appellee.
UPCHURCH, Chief Judge.
Roy Hullinger appeals an order dismissing his complaint as barred by the statute of limitations, section 95.11(4)(c), Florida Statutes. Under that section, an action to recover wages or overtime or penalties or damages concerning paying of wages or overtime must be brought within two years.
Hullinger sued Ryder, alleging a violation of section 760.10, Florida Statutes, in that he had been wrongfully terminated solely as a result of his age. He sought, inter alia, recovery for lost wages, loss of future earning capacity, humiliation, embarrassment, mental distress and mental anguish as a result of the wrongful termination. He additionally sought punitive damages due to the alleged violation of the statute. The trial court found the two year statute of limitations applied and dismissed Hullinger's complaint with prejudice. Hullinger contends the four year statute of limitations for violations based upon a statutory liability[1] applies because he sought more than just the recovery of wages.
Ryder argues that the two year statute of limitations in section 95.11(4)(c) governs claims under section 760.10 because this is the most analogous statute of limitations. Ryder points out that although there is not an internal statute of limitations governing civil actions brought under section 760.10, that statute does provide in section 760.10(13) that liability for back pay shall not accrue from a date more than two years prior to filing a complaint with a commission.
In Broward Builders Exchange, Inc. v. Goehring, 231 So.2d 513 (Fla. 1970), the Florida Supreme Court reviewed the applicability of the two-year statute of limitations for suits for wages and stated it was intended to apply to all suits for wages or overtime however accruing. In McWilliams v. Escambia County School Board, 658 F.2d 326, 330 (5th Cir.1981), the court held that employment discrimination cases filed in Florida are considered to be suits for the recovery of wages even if the plaintiff requests more than back pay. In McGee v. Ogburn, 707 F.2d 1312, 1314 (11th Cir.1983), the court reviewed the decision in Broward Builders and stated that in employment discrimination actions, no matter the theory or legal basis for the cause of action, the two-year statute applies. The McGhee decision was reaffirmed in Burney v. Polk County Community College, 728 F.2d 1374, 1383 (11th Cir.1984) and in Fowler v. Taco Viva, 646 F. Supp. 152, 155 (S.D.Fla. 1986).
We agree and accordingly the order dismissing Hullinger's complaint is AFFIRMED.
COBB and SHARP, JJ., concur.
NOTES
[1] § 95.11(3)(f), Fla. Stat. (1987).