524 So.2d 642 (1988)
William F. SCOTT, Petitioner,
v.
OTIS ELEVATOR COMPANY, Respondent.
No. 70394.
Supreme Court of Florida.
April 28, 1988.
Earle Lee Butler of Butler & Pettit, P.A., and Cathy Jackson Lerman of Cathy Jackson Lerman, P.A., Fort Lauderdale, for petitioner.
Mark E. Levitt of Hogg, Allen, Ryce, Norton & Blue, P.A., Tampa, and Edna L. Caruso of Edna L. Caruso, P.A., West Palm Beach, for respondent.
Vincent A. Lloyd, Fort Pierce, amicus curiae for Academy of Florida Trial Lawyers.
SHAW, Justice.
We have for review Otis Elevator Co. v. Scott, 503 So.2d 941 (Fla. 4th DCA 1987), in which the court certified the following as a question of great public importance:
Are actions for wrongful discharge brought pursuant to section 440.205, Florida Statutes (1979), governed by Broward Builders Exchange, Inc. v. Goehring, 231 So.2d 513 (Fla. 1970).
503 So.2d at 943. We have jurisdiction, article V, section 3(b)(4), Florida Constitution, and answer the question in the negative.
Scott obtained a verdict against Otis Elevator Company for wrongful employment termination in violation of section 440.205, Florida Statutes (1979), which provides:
No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law.
The district court reversed, finding the action barred by section 95.11(4)(c), Florida Statutes (1979), which provides that an "[a]ction to recover wages or overtime or *643 damages or penalties concerning payment of wages and overtime" must be brought within two years. The court relied on Goehring, in which we found section 95.11(7)(b), the predecessor to section 95.11(4)(c), applicable to "all suits for wages or overtime, however accruing, as well as to suits for damages and penalties accruing under the laws respecting the payment of wages and overtime." Goehring, 231 So.2d at 515.
The instant action for retaliatory discharge under section 440.205 is not a "suit for wages" for the purposes of section 95.11(4)(c). We recognize that in the absence of a controlling federal statute of limitations, the Fifth and Eleventh Circuit Courts of Appeal, relying on Goehring, have applied the two-year wage statute of limitations set forth in section 95.11(4)(c) to federal statutory causes of actions for discriminatory employment termination. McGhee v. Ogburn, 707 F.2d 1312 (11th Cir.1983); McWilliams v. Escambia County School Board, 658 F.2d 326 (5th Cir.1981). See also Hullinger v. Ryder Truck Rental, Inc., 516 So.2d 1148 (Fla. 5th DCA 1987) (relying on McGhee and McWilliams). We did not intend this result. Indeed, we found it difficult in Goehring "to conceive of a claim for wages which does not in some manner arise from a contract expressed or implied." 231 So.2d at 514.
Retaliatory discharge is tortious in nature. See, e.g., Gonzalez v. Prestress Engineering Corp., 115 Ill.2d 1, 104 Ill.Dec. 751, 503 N.E.2d 308 (1986), cert. denied, ___ U.S. ___, 107 S.Ct. 3248, 97 L.Ed.2d 779 (1987); K Mart Corp. v. Ponsock, 732 P.2d 1364 (Nev. 1987); Krein v. Marian Manor Nursing Home, 415 N.W.2d 793 (N.D. 1987); Holien v. Sears, Roebuck and Co., 298 Or. 76, 689 P.2d 1292 (1984); Cagle v. Burns and Roe, Inc., 106 Wash.2d 911, 726 P.2d 434 (1986). States adopting this tort generally consider it grounded on intent rather than negligence, allowing recovery of emotional distress and punitive damages as well as lost wages in appropriate cases. Prosser and Keeton on the Law of Torts § 130, at 1029 (5th ed. 1984). Florida does not recognize a common law cause of action for retaliatory discharge. See Smith v. Piezo Technology & Professional Administrators, 427 So.2d 182 (Fla. 1983). The legislature, however, enacted section 440.205 subsequent to Goehring, creating distinct limited statutory cause of action a for retaliatory discharge in the area of workers compensation. Claims under section 440.205 must be brought within the four-year statute of limitations set forth in section 95.11(3)(f) for statutory causes of action.[*]
Accordingly, we quash the district court's decision, and remand for consideration of the remaining issues not previously considered by the district court.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, GRIMES and KOGAN, JJ., concur.
NOTES
[*] Section 95.11, Florida Statutes (1987), provides:

95.11 Limitations other than for the recovery of real property.  Actions other than for recovery of real property shall be commenced as follows:
... .
(3) WITHIN FOUR YEARS. 
... .
(f) An action founded on a statutory liability.