548 So.2d 231 (1989)
Roy Lee HULLINGER, Petitioner,
v.
RYDER TRUCK RENTAL, INC., Respondent.
No. 71795.
Supreme Court of Florida.
August 31, 1989.
*232 Glen D. Wieland of Kelaher & Wieland, P.A., Orlando, for petitioner.
Sylvia H. Walbolt, Anne C. Conway and John P. McAdams of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, for respondent.
GRIMES, Justice.
We have for review Hullinger v. Ryder Truck Rental, Inc., 516 So.2d 1148 (Fla. 5th DCA 1987), based on conflict with Scott v. Otis Elevator Co., 524 So.2d 642 (Fla. 1988). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
This case presents the issue of whether the two-year statute of limitations contained in section 95.11(4)(c), Florida Statutes (1983), or the four-year statute of limitations contained in section 95.11(3)(f), Florida Statutes (1983), governs claims brought under section 760.10, Florida Statutes (1983). We hold that the four-year statute of limitations governs.
Pursuant to section 760.10, petitioner Hullinger filed a complaint with the Florida Commission on Human Relations alleging that his employment with Ryder Truck Rental, Inc., was wrongfully terminated because of his age. After three years the Commission still had not resolved the claim and he filed suit in circuit court alleging wrongful discharge.[1] In addition to wage-related damages, Hullinger requested recovery for humiliation, embarrassment, mental distress, and mental anguish as well as punitive damages. The trial court dismissed the complaint as time barred by the statute of limitations contained in section 95.11(4)(c) which provides:
95.11 Limitations other than for the recovery of real property.  Actions other than for recovery of real property shall be commenced as follows:
... .
(4) WITHIN TWO YEARS. 
... .
(c) An action to recover wages or overtime or damages or penalties concerning payment of wages and overtime.
The Fifth District Court affirmed the trial court's decision, 516 So.2d 1148. Asserting conflict with Scott, Hullinger argues that section 95.11(3)(f) should control because he states a statutory cause of action. Section 95.11(3)(f) provides:
95.11 Limitations other than for the recovery of real property.  Actions other than for recovery of real property shall be commenced as follows:
... .
(3) WITHIN FOUR YEARS. 
... .
(f) An action founded on a statutory liability.
In Scott v. Otis Elevator Co., 524 So.2d 642 (Fla. 1988), the claim was predicated upon a violation of section 440.205, Florida Statutes (1979), which provides that no employer shall discharge an employee because of his attempt to claim workers' compensation. In rejecting the contention that the suit was barred by the two-year statute of limitations, we stated:
The instant action for retaliatory discharge under section 440.205 is not a "suit for wages" for the purposes of section 95.11(4)(c). We recognize that in the absence of a controlling federal statute of limitations, the Fifth and Eleventh Circuit Courts of Appeal, relying on [Broward Builders Exchange, Inc. v.] Goehring [231 So.2d 513 (Fla. 1970)], have applied the two-year wage statute *233 of limitations set forth in section 95.11(4)(c) to federal statutory causes of actions for discriminatory employment termination. McGhee v. Ogburn, 707 F.2d 1312 (11th Cir.1983); McWilliams v. Escambia County School Board, 658 F.2d 326 (5th Cir.1981). See also Hullinger v. Ryder Truck Rental, Inc., 516 So.2d 1148 (Fla. 5th DCA 1987) (relying on McGhee and McWilliams).[[2]] We did not intend this result.
Id. at 643. Reasoning that the legislature had created a limited statutory cause of action for retaliatory discharge which was not recognized at common law, we held that the claim was controlled by section 95.11(3)(f).
Hullinger claims that he was wrongfully discharged in violation of section 760.10, which makes it unlawful for an employer to discharge an employee because of his age. Like Scott, Hullinger's cause of action is grounded upon the violation of a statute. We know of no common law cause of action for wrongful discharge because of age.
The two-year statute of limitations in section 95.11(4)(c) pertains to "[a]n action to recover wages or overtime or damages or penalties concerning payment of wages and overtime." This statute and its predecessor were intended to cover claims for wages or overtime earned for services rendered, see Azaroglu v. Jordan, 270 So.2d 422 (Fla.3d DCA 1972), cert. denied, 275 So.2d 12 (Fla. 1973), or claims for improper withholding of wages such as during periods of suspension. See Gow v. County of Dade, 371 So.2d 493 (Fla. 3d DCA 1979), cert. denied, 383 So.2d 1195 (Fla.), cert. denied, 449 U.S. 850, 101 S.Ct. 139, 66 L.Ed.2d 61 (1980). Hullinger's claim is based upon a wrongful discharge. The fact that his damages may include or even be limited to recovery for such quantifiable injuries as the wages he lost had he not been discharged does not mean that his claim is one "to recover wages."
Because the basis for Hullinger's cause of action is section 760.10, the applicable statute of limitations is section 95.11(3)(f) pertaining to "an action founded on a statutory liability." We quash the decision below and remand for further proceedings.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT and KOGAN, JJ., concur.
NOTES
[1] Section 760.10(12), Florida Statutes (1983), authorizes the institution of a civil action if the Commission fails to act on a complaint within 180 days of filing.
[2] This reference is significant because the district court of appeal decision being reviewed today was largely grounded upon the two federal cases whose rationale we later rejected in Scott v. Otis Elevator Co., 524 So.2d 642 (Fla. 1988).