David D. **MORRIS**, Plaintiff,

v.

Lawrence W. **CROW**, Jr., as the Sheriff of Polk County, Florida, and individually; Jack Waldron, individually and in his official capacity as Major of the Polk County Sheriff's Office; Paul F. Alley, individually and in his official capacity as Colonel of the Polk County Sheriff's Office, Defendants.

No. 92–1604–CIV–T–17B.

United States District Court, M.D. Florida, Tampa Division.

March 12, 1993.

Linda R. Hughes, Alpert, Josey & Grilli, P.A., Tampa, FL, for plaintiff.

Hank B. Campbell, Lane, Trohn, Clarke, Bertrand & Williams, P.A., Lakeland, FL, Kirk Seymour Warren, Polk County Sheriff's Office, Bartow, FL, for defendants.

## ORDER ON MOTION TO DISMISS

KOVACHEVICH, District Judge.

This cause is before the Court on Defendants', LAWRENCE W. CROW, JR., JACK WALDRON and PAUL F. ALLEY, Motion to Dismiss and request for oral argument, filed on November 2, 1992, and Plaintiff's, DAVID D. MORRIS, memorandum in response, filed on November 12, 1992.

### ISSUES

I. Whether Plaintiff's complaint sufficiently alleges the violation of any right, privilege or immunity under the Constitution or laws of the United States in order to state a claim upon which relief can be granted under 42 U.S.C. § 1983.

II. Whether Plaintiff's complaint alleges sufficient facts to show that he was deprived of his property interest in his employment as a deputy sheriff without due process in violation of the Federal Constitution.

III. Whether Plaintiff's complaint alleges sufficient facts to demonstrate that he was deprived of his liberty interests by Defen-

dants' failure to provide a meaningful "name-clearing" hearing.

IV. Whether Plaintiff's complaint sufficiently states a cause of action independent of a property right or liberty interest because it alleges that there was an infringement of his First Amendment right.

## FACTS

Plaintiff brings this action against Defendants, Lawrence W. Crow (Crow), Jack Waldron (Waldron) and Paul F. Alley (Alley) pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988. Plaintiff seeks redress for acts or omissions allegedly committed under color of state law depriving him of his due process and equal protection rights under the Constitution and laws of the United States and the State of Florida.

Plaintiff, David Morris, had been employed as a Sheriff's Deputy since August, 1981. In October of 1991, Plaintiff was discharged from his employment as a deputy sheriff with the Polk County Sheriff's Office (PCSO) for alleged violation of four PCSO general orders. Plaintiff states in his complaint that his termination was not caused by the alleged violations of PCSO's general orders, but that his termination was in willful and illegal retaliation for his January 10, 1990, report concerning the conduct of another Sheriff's Deputy.

In November, 1989, Plaintiff was asked to investigate a traffic accident involving a PCSO deputy in which a citizen was killed while the PCSO deputy was in the line of duty. Plaintiff found that the deputy's rate of speed at the time of the fatal accident clearly exceeded the legal speed limit. At the time of Plaintiff's report, the deceased citizen's representatives had brought a civil suit against the PCSO. Plaintiff's report suggested that the PCSO deputy's negligence created a substantial danger to the public's safety and supported the deceased citizen's representative's allegations that the PCSO was civilly liable due to its deputy's negligence.

Plaintiff alleges that it was this report that prompted Defendants Colonel Alley and Major Waldron of the PCSO, at the behest of Defendant, Sheriff Crow, to suspend the Plaintiff without pay in September, 1991 and to institute an investigation into Plaintiff's alleged violation of PCSO's general orders. Plaintiff states that it was through the information and recommendations that Defendants Waldron and Alley's gave Defendant Crow that he was terminated. The violations included use of deadly force, commission of a misdemeanor injurious to sheriff's office and two violations for untruthfulness. As a result of his dismissal, Plaintiff sought a post-termination hearing.

On January 29, 1992, a post-termination hearing was conducted by the Civil Service Hearing Board. The Civil Service Hearing Board concluded that only one of the untruthful violations was substantiated and therefore, recommended that Defendant, Sheriff Crow, reinstate Plaintiff with a demotion to a lower rank because "termination is too severe a penalty for the offense". Defendant Crow refused to reinstate Plaintiff.

Plaintiff alleges that Defendant Crow then wilfully and maliciously solicited a formal opinion letter from State Attorney Jerry Hill of the Tenth Judicial Circuit, State of Florida, dated March 9, 1992. The letter stated that the State Attorney's office could never offer Plaintiff as a prosecution witness if he were reinstated. Plaintiff states that such solicitation is unprecedented and constituted a substantial departure from established custom and policy.

Furthermore, Plaintiff states that it is the established custom, policy and practice of Defendant Sheriff Crow and the PCSO to retain veteran officers with an established employment history for a first violation of a general order. Additionally, Plaintiff avers that it was the established custom, policy and practice of Defendant Crow and the PCSO to follow the recommendation of the Civil Service Hearing Board concerning disciplinary action and/or reinstatement.

Plaintiff further states that Defendant, Sheriff Crow, executed, under oath, one of the ten separation reasons, so that the Criminal Justice Standards & Training Commission, Division of The Florida Department of Law Enforcement (FDLE) can make a probable cause determination, a statutory prereq-

uisite to certify revocation or disciplinary proceedings. Plaintiff states that after reviewing all documentation related to Plaintiff's dismissal, the FDLE issued a "no cause" letter to Defendant, Sheriff Crow, in April, 1992, concluding that there was no basis for any further action against Plaintiff.

## STANDARDS FOR DISMISSAL

The Eleventh Circuit acknowledged that complaints should not be dismissed for failure to state a claim per rule 12(b)(6), Fed. R.Civ.P., unless it appears beyond a doubt that Plaintiff can prove no set of facts entitling him or her to relief. *WAM Properties, Inc. v. Desoto County, Florida*, 758 F.Supp. 1468 (M.D.Fla.1991) (citing *Little v. City of Miami*, 805 F.2d 962, 965 (11th Cir.1986)); *Wetzel v. Hoffman*, 928 F.2d 376 (11th Cir. 1991) (citing *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

## DISCUSSION

Initially, what must be addressed is whether Plaintiff's complaint contains allegations showing a violation of any right, privilege or immunity under the Constitution or laws of the United States that is sufficient to state a claim upon which relief can be granted under 42 U.S.C. § 1983. A plaintiff seeking relief under 42 U.S.C. § 1983 must allege facts demonstrating that defendant's act or omission, performed under color of state law, deprived him or her of a right, privilege, or immunity protected by the Constitution or laws of the United States. *WAM Properties, Inc. v. Desoto County, Florida*, 758 F.Supp. 1468 (M.D.Fla.1991) [citing *Little v. City of Miami*, 805 F.2d 962, 965 (11th Cir.1986) quoting *Emory v. Peeler*, 756 F.2d 1547, 1554 (11th Cir.1985) ].

### I. Property Interest

The United States Supreme Court stated in *Bishop v. Wood*, 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976) that "[a] property interest in employment can, of course, be created by ordinance or by an implied contract." In Florida, some courts have held that deputy sheriffs do not have a property interest in their jobs because deputies serve at the will of the sheriff. *Crews v.*

*Ellis*, 531 So.2d 1372, 1375 (Fla. 1st DCA 1988); *Brevard County v. Miller*, 452 So.2d 1104, 1107 (Fla. 5th DCA), *petition for review denied, Wilson v. Miller*, 459 So.2d 1042 (Fla.1984); *Szell v. Lamar*, 414 So.2d 276, 277–78 (Fla. 5th DCA 1982).

■ It is not clear whether the laws governing Polk County, Florida recognize that a deputy sheriff has a property interest in his employment. In *Evans v. Hardcastle*, 339 So.2d 1150, 1152 (Fla. 2d DCA 1976), the court held that the "mere subjective expectation of continuing in the role of a deputy sheriff ... is not a property right sufficient to invoke due process of law requirements concerning notice and hearing and termination for cause." However, the *Evans* court did not address a situation where an implied contract or local ordinance existed which created such a property interest.

In *Ison v. Zimmerman*, 372 So.2d 431, 434 (Fla.1979), the Florida Supreme Court held that article III, § 14 of the Florida Constitution "allows creation of civil service systems by special or local laws for deputies as officers 'not elected or appointed by the Governor.'" The *Ison* court held that Ison, a deputy in Brevard County, could not be dismissed without due process, that being in the form of a hearing. Because Plaintiff has alleged in his complaint that he was given a Civil Service Hearing, he has alleged a set of facts which demonstrate that Plaintiff had a right to the due process he was denied. Thus, reviewing the complaint in the light most favorable to Plaintiff, dismissal is unbefitting at this point.

### II. Liberty Interest

■ Plaintiff alleges in his complaint that Defendant, Sheriff Crow, solicited a letter under color of state law, from State Attorney Jerry Hill, which deprived Plaintiff of the ability to find meaningful employment. Plaintiff states that this action was unprecedented and constituted a substantial departure from established custom and policy. To withstand a motion to dismiss a § 1983 complaint need only allege specific facts, which, if true, could support a reasonable inference that a defendant deviated from established

custom or policy. *Marcus v. Carrasquillo,* 782 F.Supp. 593, 596–97 (M.D.Fla.1992). Because discovery has yet to take place and Plaintiff has alleged facts, that if true, may state a cause of action under 42 U.S.C. § 1983, dismissal is inappropriate.

### III. First Amendment Infringement

 Plaintiff's complaint alleges that Defendants' conduct violated his First Amendment rights under the Constitution. The deprivation of a property interest is irrelevant when a § 1983 complaint alleges an infringement of First Amendment rights. *Little v. City of North Miami,* 805 F.2d 962, 967 (11th Cir.1986), quoting *Perry v. Sindermann,* 408 U.S. 593, 597–98, 92 S.Ct. 2694, 2697–98, 33 L.Ed.2d 570 (1972). For the purposes of determining the sufficiency of a claim, the likelihood of recovery is irrelevant. What is at issue is whether plaintiff is entitled to offer evidence to support the claims. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The Plaintiff has alleged a set of facts, which if proven true, would entitle Plaintiff to relief under 42 U.S.C. § 1983 for a violation of his First Amendment rights. Therefore, Plaintiff's complaint will withstand Defendants' motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), Fed.R.Civ.P. Accordingly, it is

**ORDERED** that Defendants' motion to dismiss and request for oral argument be **denied.**

**DONE and ORDERED.**