644 So.2d 1368 (1994)
Kenneth D. McRAE, Appellant,
v.
Taylor DOUGLAS, as Sheriff of Putnam County, Florida, Appellee.
No. 94-61.
District Court of Appeal of Florida, Fifth District.
September 30, 1994.
Rehearing Denied November 16, 1994.
*1370 Robert C. Widman of Nelson, Hesse, Cyril, Smith, Widman, Herb, Causey & Dooley, Sarasota, and Joseph W. Little, Gainesville, for appellant.
Phillip P. Quaschnick of Powers, Quaschnick, Tischler & Evans, Tallahassee, for appellee.
COBB, Judge.
McRae appeals from two orders, which together dismissed his four count complaint filed against Taylor Douglas, as sheriff of Putnam County.
On June 17, 1993, McRae filed a four count complaint for damages against the sheriff. By first amended complaint, McRae alleged that he had been employed by the sheriff as a correctional officer and deputy sheriff from June 1, 1988 until he was fired on August 29, 1990. He alleged his employment was terminable only upon a showing of just cause and that he possessed a constitutionally protected property interest in his job.
McRae alleged that in 1990, certain inmates at the county jail alleged to the sheriff that he, McRae, had introduced contraband including marijuana, into the county jail and/or provided marijuana to an inmate. McRae was, following his termination, criminally charged with having committed these acts but was acquitted following a jury trial. McRae alleged that not only was he terminated from employment without pre-termination notice or an opportunity to be heard, but he was not reinstated following the verdict in the criminal action.
Count I alleged breach of an employment contract. Count II alleged violation of section 112.532, et. seq., Florida Statutes (Police Officers' Bill of Rights) in connection with the sheriff's investigation of the charges. Count III alleged a deprivation of due process of law of protected property rights in his public employment in violation of the Florida Constitution. Count IV similarly alleged a violation of 42 U.S.C. § 1983.
The sheriff moved to dismiss the amended complaint on numerous grounds, including that it is time barred, that the Police Officers' Bill of Rights does not apply to sheriffs, deputy sheriffs or correctional officers appointed by sheriffs, nor does it authorize a suit for money damages, and that McRae failed to allege ultimate facts establishing a legally recognizable property interest in his position.
The trial court dismissed Counts I, III and IV on the basis that the two year statute of limitations found in section 95.11(4)(c), Florida Statutes concerning actions to recover unpaid wages applies and that those counts are time barred because the action was not commenced until some thirty months after McRae was terminated. As to Count II, the court ruled that to the extent it could be construed to state a claim for other than wages and related damages, it is deficient because it lacks a plain statement of the ultimate facts supporting viable relief. Count II was ultimately dismissed with prejudice.

STATUTE OF LIMITATIONS
Section 95.11, Florida Statutes, provides in relevant part as follows:
Actions other than for recovery of real property shall be commenced as follows:
* * * * * *
(4) WITHIN TWO YEARS
* * * * * *

*1371 (c) An action to recover wages or overtime or damages or penalties concerning payment of wages and overtime.
McRae argues that this provision is inapplicable because Counts III and IV are not mere claims for recovery of unpaid wages[1] but rather are claims for damages for wrongful discharge in violation of the plaintiff's federal and state constitutional rights of due process of law. McRae asserts that the four year statute of limitations found in section 95.11(3)(p) (applicable to "any action not specifically provided for in these statutes") applies.
The order, in dismissing Counts III and IV relied on Broward Builders Exchange, Inc. v. Goehring, 231 So.2d 513 (Fla. 1970), wherein the supreme court stated that all actions for unpaid back wages, however accruing, as well as suits for damages and penalties accruing under the laws respecting the payment of wages and overtime are governed by Florida's two year statute of limitations. The order also relied on two federal decisions, McGhee v. Ogburn, 707 F.2d 1312 (11th Cir.1983) and McWilliams v. Escambia County School Board, 658 F.2d 326 (5th Cir.1981). McWilliams holds that a 42 U.S.C. § 1983 action against a school board alleging that a termination was the result of employment discrimination is governed by the two year limitation period found in section 95.11(4)(c) because such an action is essentially one for recovery of lost wages even though the plaintiff asks for more than just back pay. In McGhee, the Eleventh Circuit held that the two year limitations period likewise applies to an employment due process claim brought under 42 U.S.C. § 1983. The court explained:

Goehring suggests that no matter how an employment termination suit is characterized, Florida law dictates that the two-year statute applies. McWilliams holds that even though § 95.11(4)(c) may appear on its face to be limited to actions for the recovery of back-pay, it applies to § 1983 employment suits in which the plaintiff requests legal and equitable relief. The district court properly dismissed the action as time-barred.
707 F.2d at 1315.
However, in Scott v. Otis Elevator Co., 524 So.2d 642 (Fla. 1988), our supreme court ruled that an action for wrongful discharge brought pursuant to section 440.205, Florida Statutes[2] is not covered by section 95.11(4)(c), Florida Statutes. The court explained:
The instant action for retaliatory discharge under section 440.205 is not a "suit for wages" for the purposes of section 95.11(4)(c). We recognize that in the absence of a controlling federal statute of limitations, the Fifth and Eleventh Circuit Courts of Appeal, relying on Goehring, have applied the two-year wage statute of limitations set forth in section 95.11(4)(c) to federal statutory causes of actions for discriminatory employment termination. [McGhee]; [McWilliams]. We did not intend this result. Indeed, we found it difficult in Goehring, "to conceive of a claim for wages which does not in some manner arise from a contract expressed or implied." 231 So.2d at 514.
Retaliatory discharge is tortious in nature. [Citation omitted]. States adopting this tort generally consider it grounded on intent rather than negligence, allowing recovery of emotional distress and punitive damages as well as lost wages in appropriate cases. Prosser and Keeton on the Law of Torts § 130, at 1029 (5th ed. 1984). Florida law does not recognize a common law cause of action for retaliatory discharge. See Smith v. Piezo Technology & Professional Administrators, 427 So.2d 182 (Fla. 1983). The legislature, however, enacted section 440.205 subsequent to Goehring, creating distinct limited statutory cause of action for retaliatory discharge in the area of workers compensation. Claims under section 440.205 must be brought within the four-year statute of *1372 limitations set forth in section 95.11(3)(f) for statutory causes of action.
524 So.2d at 643.
Since Scott, the supreme court has applied a four year statute of limitations to a statutorily grounded age-based wrongful discharge claim. See Hullinger v. Ryder Truck Rental, Inc., 548 So.2d 231 (Fla. 1989). While both Scott and Hullinger involved state statutory causes of action, the court in Hullinger clarified the purpose behind the two year statute of limitations in section 95.11(4)(c):
The two-year statute of limitations in section 95.11(4)(c) pertains to "[a]n action to recover wages or overtime or damages or penalties concerning payment of wages and overtime." This statute and its predecessor were intended to cover claims for wages or overtime earned for services rendered, see Azaroglu v. Jordan, 270 So.2d 422 (Fla. 3d DCA 1972), cert. denied, 275 So.2d 12 (Fla. 1973), or claims for improper withholding of wages such as during periods of suspension. See Gow v. County of Dade, 371 So.2d 493 (Fla. 3d DCA 1979), cert. denied, 383 So.2d 1195 (Fla.), cert. denied, 449 U.S. 850, 101 S.Ct. 139, 66 L.Ed.2d 61 (1980). Hullinger's claim is based upon a wrongful discharge. The fact that his damages may include or even be limited to recovery for such quantifiable injuries as the wages he lost had he not been discharged does not mean that his claim is one "to recover wages."
548 So.2d at 233.
Counts III and IV are claims essentially alleging wrongful discharge and are not simply actions to recover lost wages. Under the language in Hullinger, neither count would fall within the two year limitations period found in section 95.11(4)(c). Rather Count IV being an action founded on federal "statutory liability" would fall within the four year statute of limitations in section 95.11(3)(f)[3] (as would Count II alleging a violation of section 112.532 (Police Officers' Bill of Rights)). Count III, alleging a violation of the Florida Constitution would fall within the four year limitation in section 95.11(3)(p) ("any action not specifically provided for in these statutes"). Counts II and III are not time barred.

Constitutional Due Process  Counts III and IV
The causes of action alleged in Counts III and IV are predicated on purported violations of McRae's state and federal constitutional rights to due process of law in his termination as deputy sheriff/corrections officer. These counts allege that McRae has been deprived of a property interest in his position without due process of law under the United States and Florida Constitutions.
An individual may, in a public employment context, establish entitlement to procedural due process under the United States and Florida Constitutions, by showing a property interest in his or her position. Board of Regents v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972); Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972). The concept of a property interest has been defined by the United States Supreme Court as a legitimate expectation of continued employment. Bishop v. Wood, 426 U.S. 341, 345, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976); Russillo v. Scarborough, 935 F.2d 1167, 1170 (10th Cir.1991). Such legitimate expectations of continued employment establishing property interests are not created by the United States Constitution, rather, "they are created and their dimensions are defined by existing rules or understandings that stem from an independent source, such as state law... ." Stough v. Gallagher, 967 F.2d 1523, 1530 (11th Cir.1992), quoting Cleveland Board of Education v. Loudermill, 470 U.S. 532, 558, 105 S.Ct. 1487, 1503, 84 L.Ed.2d 494 (1985). Consequently, McRae had to sufficiently allege a property interest in his position under Florida law in order to establish his entitlement *1373 to any procedural due process safeguards.
Personnel appointed by a sheriff, including deputy sheriffs and correctional officers, are "at will" employees. Section 30.53, Florida Statutes, provides:
The independence of the sheriffs shall be preserved concerning ..., selection of personnel, and the hiring, firing and setting of salaries of such personnel; provided that nothing herein contained shall restrict the establishment or operation of any civil service system or civil service hoard created pursuant to s. 14, Art. 111 of the Constitution of Florida, provided, further that nothing contained in § 30.48-30.53 shall be construed to alter, modify or change in any manner any civil service system or board, state or local, now in existence or hereafter established.
Section 30.07, Florida Statutes, gives the sheriff authority to appoint deputies, and section 951.061, Florida Statutes, similarly gives the sheriff authority to appoint correctional officers for a county correctional system.
As a result of this statutory framework, deputy sheriffs in Florida are not deemed to be employees of the sheriff, but rather, are appointees who serve at the pleasure of the sheriff. Because deputy sheriffs are not employees and both their selection and retention come under the absolute control of the sheriff, they have no property interest in their positions for purposes of the Fourteenth Amendment to the United States Constitution. See, e.g., Stough v. Gallagher, 967 F.2d 1523 (11th Cir.1992); Sikes v. Boone, 562 F. Supp. 74 (N.D.Fla. 1983), cert. denied, 466 U.S. 959, 104 S.Ct. 2171, 80 L.Ed.2d 555 (1984); Tanner v. McCall, 441 F. Supp. 503 (M.D.Fla. 1977), modified on other grounds, 625 F.2d 1183 (5th Cir.1980), cert. denied, 451 U.S. 907, 101 S.Ct. 1975, 68 L.Ed.2d 295 (1981); Crews v. Ellis, 531 So.2d 1372 (Fla. 1st DCA 1988); Brevard County v. Miller, 452 So.2d 1104 (Fla. 5th DCA), rev. denied, 459 So.2d 1042 (Fla. 1984); Szell v. Lamar, 414 So.2d 276 (Fla. 5th DCA 1982); Evans v. Hardcastle, 339 So.2d 1150 (Fla. 2d DCA 1976).
The same principle has been applied to correctional officers appointed by the sheriff. See Blair v. Martin County Sheriff's Department, Case No. 92-14107, 1993 WL 757478 (S.D.Fla. Mar. 3, 1993). See also Kelly v. Gill, 544 So.2d 1162 (Fla. 5th DCA 1989) (18 1/2 year investigator for state attorney's office who was appointee of the state attorney lacked vested property interest in position).
The only exception to this principle is where a general or special act of the legislature establishes a career service system for employees of the sheriff pursuant to section 30.53, Florida Statutes. Stough at 1530. See Morris v. Crow, 817 F. Supp. 102 (M.D.Fla. 1993); Ison v. Zimmerman, 372 So.2d 431 (Fla. 1979).
McRae points out that he alleged the existence of a property interest and he asserts that such allegation must be accepted as true in considering a motion to dismiss his complaint. However, only well pleaded allegations are accepted. Berke Displays, Inc. v. Greater Miami Hotel Ass'n, 168 So.2d 692 (Fla. 3d DCA 1964). McRae asserts that he alleged and can prove that he entered into a contract of employment under the explicit condition that he could be dismissed only for "just cause" after having been provided a fair hearing. McRae relies on an office personnel manual in this regard. He argues that an employment contract may form the basis for a recognized property interest in employment.[4]See Bishop v. Wood, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976); Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972). As concerns sheriff's deputies, he relies on one case, Morris v. Crow, but there the deputy's complaint was construed to allege the existence of a civil service system giving him a property right in his employment. 817 F. Supp. at 105. That is not true here.
In sum, as a matter of law, an appointed deputy sheriff/corrections officer has, under state law, no property interest in his position *1374 absent enactment of a valid civil service law. McRae has not alleged applicability of a civil service law and thus Counts III and IV cannot state a cause of action for deprivation of a property interest without due process of law.

Police Officers' Bill of Rights  Count II
Sections 112.531-112.534, Florida Statutes (1989), referred to as the "Police Officers' Bill of Rights" provides:
112.532 Law enforcement officers' and correctional officers' rights.  All law enforcement officers and correctional officers employed by any employing agency shall have the following rights and privileges:
(1) RIGHTS OF LAW ENFORCEMENT OFFICERS AND CORRECTIONAL OFFICERS WHILE UNDER INVESTIGATION. 
(a)-(i)
* * * * * *
(3) CIVIL SUITS BROUGHT BY LAW ENFORCEMENT OFFICERS OR CORRECTIONAL OFFICERS.  Every law enforcement officer or correctional officer shall have the right to bring civil suit against any person, group of persons, or organization or corporation, or the head of such organization or corporation, for damages, either pecuniary or otherwise, suffered during the performance of the officer's official duties or for abridgment of the officer's civil rights arising out of the officer's performance of official duties.
Section 112.531 contains the following definitions:
(1) "Law enforcement officer" means any person, other than a chief of police, who is employed full time by any municipality or the state or any political subdivision thereof and whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, traffic, or highway laws of this state.
(2) "Correctional officer" means any person, other than a superintendent, who is appointed or employed full time by the state or any political subdivision thereof whose primary responsibility is the supervision, protection, care, custody, or control of inmates within a correctional institution; and includes correctional probation officers, as defined in s. 943.10(3). However, the term "correctional officer" does not include any secretarial, clerical, or professionally trained personnel.
(3) "Employing agency" means any municipality or the state or any political subdivision thereof which employs law enforcement officers or correctional officers as defined in this section.
Under the 1989 version of the statute (which is applicable to McRae's claim) a law enforcement officer, to be entitled to the procedures set forth in sections 112.531-112.534, must be employed by an "employing agency" as defined in section 112.531(3). In considering whether deputy sheriffs are entitled to coverage under the statutory scheme, the First and Second District Courts of Appeal have held that a sheriff is not an "employing agency" as defined in section 112.531(3). Johnson v. Wilson, 336 So.2d 651 (Fla. 1st DCA 1976); Evans v. Hardcastle, 339 So.2d 1150 (Fla. 2d DCA 1976). See also Tanner v. McCall, 441 F. Supp. 503 (M.D.Fla. 1977), modified on other grounds, 625 F.2d 1183 (5th Cir.1980), cert. denied, 451 U.S. 907, 101 S.Ct. 1975, 68 L.Ed.2d 295 (1981). As explained in Murphy v. Mack, 358 So.2d 822 (Fla. 1978), holding that a deputy sheriff is not a "public employee" within Florida's Public Employees Relations Act, Chapter 447, Florida Statutes:
A sheriff is authorized to appoint deputies, for whose acts he is responsible, to act in his stead. A deputy sheriff holds office by appointment rather than employment... . The relationship between sheriff and deputy has not been recognized by this Court to be that of employer and employee. To the contrary, this Court has expressly held that a deputy is not an employee, which is consistent with the common-law concept of deputy sheriffs. Blackburn v. Brorein, [70 So.2d 293 (Fla. 1954)]. The office of deputy is described in 70 Am.Jur.2d Sheriffs, Police and Constables § 2, and we quote with approval the following excerpt therefrom:

*1375 "The office of under or deputy sheriff is a common-law office; and this is the rule unless a change is effected by the constitution or statute law of the state. He holds an appointment, as distinguished from an employment.
358 So.2d at 825. A sheriff in Florida has absolute control over the selection and retention of his deputy sheriffs. Stough v. Gallagher, 967 F.2d 1523 (11th Cir.1992).
To the extent that an individual works as a deputy sheriff, he or she is not employed by the sheriff but rather is appointed to the position. See § 30.07, Fla. Stat. A sheriff is not an "employing agency" under section 112.531 when he appoints an individual to the position of deputy sheriff. See also Kelly v. Gill, 544 So.2d 1162 (Fla. 5th DCA), rev. denied, 553 So.2d 1165 (Fla. 1989), cert. denied, 494 U.S. 1029, 110 S.Ct. 1477, 108 L.Ed.2d 614 (1990).[5]
McRae asserts that his activities as a correctional officer at the county jail bring him within the statutory framework. A sheriff may appoint correctional officers to the county correctional system. See § 951.061, Fla. Stat. Unlike in the definition of law enforcement officer, in the definition of "correctional officer" found in section 112.531(2), Florida Statutes, the phrase "appointed or employed ... by a political subdivision" appears. Thus, McRae maintains that a correctional officer, though appointed by the sheriff, falls within the statutory definition of correctional officer and is protected by the statute even though an "employing agency" means an agency "which employs law enforcement officers or correctional officers... ." These subsections, when read together are confusing and subject to differing reasonable interpretations and thus legislative history may be examined to determine whether the legislature intended that correctional officers appointed by a sheriff, unlike deputy sheriffs, are within the ambit of the 1989 version of the "Police Officers' Bill of Rights." See, e.g., Ellis v. N.G.N. of Tampa, Inc., 586 So.2d 1042 (Fla. 1991). A legislative staff analysis of House Bill 461 which amended the Police Officers' Bill of Rights in 1982 to encompass correctional officers specifically states that:
In those counties in which the sheriff operates the detention facility, correctional officers would not be included within the provisions of this bill pursuant to the decision in Johnson v. Wilson (1976). In that decision, the court determined that the office of sheriff is a constitutional office and not "employed" as stated in the statute... .
A corrections officer appointed by a sheriff is not within the ambit of sections 112.531-112.534.[6]
In sum, dismissal of Count II was correct because sheriffs deputies and correctional officers appointed by a sheriff are not within the scope of the 1989 version of section 112.531 et. seq. Furthermore, even if they were, only injunctive relief is available in an action by a law enforcement officer against his employer.
*1376 Dismissal of McRae's complaint was correct, but not for the grounds stated in the orders of dismissal. Because the plaintiff cannot state a viable cause of action, dismissal of his amended complaint is affirmed.
AFFIRMED.
DAUKSCH and THOMPSON, JJ., concur.
NOTES
[1] McRae concedes that Count I was a common law action for recovery of unpaid wages resulting from breach of an employment contract and he does not appeal dismissal of that count.
[2] Which prohibits an employer from discharging an employee as a result of the employee filing a valid claim for worker's compensation.
[3] Furthermore, a four year statute of limitations applies to the 42 U.S.C. § 1983 claim by virtue of Owens v. Okure, 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). Owens holds that where state law provides multiple statutes of limitations, a section 1983 action is governed by the general personal injury statute of limitations, which, in our state, is four years. See Brooks v. Elliott, 593 So.2d 1209 (Fla. 5th DCA 1992).
[4] Internal personnel policy provisions promulgated by the sheriff do not give a deputy a property interest. Szell, 414 So.2d at 278. See also Wilkerson v. Butterworth, 492 So.2d 1169 (Fla. 4th DCA 1986).
[5] McRae claims that since an "employing agency" includes the state or "any political subdivision thereof," and a sheriff has been held to be an agency of a political subdivision, Beard v. Hambrick, 396 So.2d 708 (Fla. 1981) (for purposes of application of the waiver of sovereign immunity statute, section 768.28, Fla. Stat.), a sheriff falls within the definition of "employing agency." However, this overlooks the relevant inquiry. Under the statutory definition of "employing agency," the critical inquiry concerns whether the political subdivision "employs law enforcement officers or correctional officers as defined in this section" and, a deputy sheriff is not employed by the county sheriff. Sections 112.531-112.534 were amended in 1993 to include "all law enforcement officers and correctional officers employed by or appointed to a law enforcement agency... ." Chapter 93-19, Laws of Florida. The amended statute thus now would include deputy sheriffs though the amendment explicitly states that it does not limit the discretion of a sheriff to take disciplinary action against a deputy sheriff.
[6] Even assuming, arguendo, that the Police Officers' Bill of Rights applies to deputy sheriffs/correctional officers such as McRae, several district courts of appeal have held that the Police Officers' Bill of Rights does not create a statutory right for damage suits against the employer agency and that the sole remedy against an employer agency for violation of section 112.532 is injunctive relief provided for in section 112.534. See, e.g., Sylvester v. City of Delray Beach, 584 So.2d 214 (Fla. 4th DCA 1991); City of Miami v. Cosgrove, 516 So.2d 1125 (Fla. 3d DCA 1987).