John **CAPSALIS,** Joseph **Ventre** and Alfonso **Casalino,** Plaintiffs,

v.

Richard H. **WORCH,** Jr., as Sheriff of Charlotte County, Florida, and in his individual capacity, Defendant/Third Party Plaintiff,

v.

**CHARLOTTE COUNTY, FLORIDA,** Third Party Defendant.

No. 94–7–CIV–FTM–17D.

United States District Court, M.D. Florida, Fort Myers Division.

April 14, 1995.

---

Britt William Whittaker, Law Office of Britt W. Whittaker, Tampa, FL, and Alex Lancaster, Lancaster & Eure, Sarasota, FL, for plaintiffs.

Keith C. Tischler, Powers, Quaschnick, Tischler & Evans, Tallahassee, FL, for defendant third-party plaintiff.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

KOVACHEVICH, District Judge.

This cause is before the Court on Defendant's Motions for Summary Judgment (Dkts 50, 51, 52) against Plaintiffs, John Capsalis, Joseph Ventre, and Alfonso Casalino. The Court shall jointly consider the Motions.

## I. STANDARD OF REVIEW

A court should only enter summary judgment when the moving party has sustained its burden of showing the absence of any genuine issue of material fact when all the evidence is viewed in a light most favorable to the nonmoving party. *Sweat v. Miller Brewing Co.*, 708 F.2d 655 (11th Cir. 1983). The court must resolve all doubt as to the existence of a genuine issue of material fact against the moving party, without assessing the probative value of any evidence. *Hayden v. First Nat'l Bank*, 595 F.2d 994, 996–97 (5th Cir.1979) (quoting *Gross v. Southern R.R.*, 414 F.2d 292 (5th Cir.1969)).

The United States Supreme Court in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986), stated,

> In our view the plain language of 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion against a party who fails to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial.

*Id.* at 134.

## II. PROCEDURAL HISTORY

Subsequent to the filing of Defendant's Motions for Summary Judgment, the Court issued an Order (Dkt. 75) pursuant to Third Party Defendant's Motion to Dismiss (Dkt. 38–1) and Motion to Strike (38–2). In its Order issued February 27, 1995, the Court indicated that some of Plaintiffs' claims were

deemed abandoned. The Court's action in the Order of February 27th arose historically out of the Plaintiffs' response to the Court's Order of May 13, 1994. In the May 13th Order, the Court instructed Plaintiffs to respond to the unconsidered portions of Defendant's Motion to Dismiss then before the Court for Reconsideration. The Court indicated that if Plaintiffs failed to respond, the additional claims would be deemed abandoned.

In their response, Plaintiffs indicated that they intended to rely solely upon their claims of procedural due process, and substantive due process to the extent it supports a property interest contemplated by the procedural due process requirements of the Fourteenth Amendment.

Based on this response, the Court, in the Order of February 27th granted Third Party Defendant's Motion to Strike, and deemed Plaintiffs' other claims abandoned. In light of the Court's Order, the only remaining relevant facts are those which pertain to procedural due process violations and substantive due process violations to the extent they support a property interest. The Court will set out these facts in ruling on this Motion.

## III. FACTS

### A. FACTS RELATING TO PLAINTIFF CAPSALIS

Plaintiff, Joseph Capsalis, was an appointed Deputy Sheriff in Charlotte County. On or about May 8, 1992, the Sheriff's Department presented Plaintiff with a notice of intent to terminate and withdraw his appointment. On May 22, 1992, Plaintiff received a final letter of termination. Upon his termination, Plaintiff, by and through his attorney, filed a written appeal of termination and withdrawal of appointment. A hearing process was initiated but subsequently indefinitely postponed in light of settlement negotiations.

These negotiations culminated in mediation on June 16, 1993. At the mediation, Plaintiff was represented by his attorneys. Apparently, an agreement was reached, but Plaintiff was coerced by his own attorneys to enter into the agreement. Following the mediation, Plaintiff refused to accept the terms of the agreement, and does not consider himself bound by it. The attorneys representing Plaintiff notified the Sheriff's Department of their withdrawal from the case in a letter on July 21, 1993. No further action was taken by the Sheriff's Department in this matter, and the appeal process was never completed. Plaintiff alleges that Defendant's actions violate his procedural and substantive due process rights which arise under 1989 Fla.Laws Ch. 508 (hereinafter Special Law 89-508) and/or the policies and procedures promulgated by the Sheriff's Department.

### B. FACTS RELATING TO PLAINTIFF VENTRE

Plaintiff, Joseph Ventre, was an appointed Deputy Sheriff in Charlotte County. On or about May 8, 1992, the Sheriff's Department presented Plaintiff with a notice of intent to terminate and withdraw his appointment. In response, Plaintiff, by and through his attorney, submitted a written proposal which asked that Plaintiff be reassigned instead of terminated and also asked for a hearing should the termination proceed. On May 22, Plaintiff was presented with a document advising him of his termination and the withdrawal of his appointment.

Plaintiff, at this point, again through his attorney, requested a hearing. A hearing process was begun but then indefinitely postponed in light of settlement negotiations which culminated in mediation on June 16, 1993. At the mediation, Plaintiff was represented by his attorneys. Apparently an agreement was reached, but Plaintiff was coerced by his attorneys to accept the agreement. Plaintiff has failed to comply with the terms of the agreement, and does not consider himself bound by it. The attorneys representing Plaintiff during the mediation notified the Sheriff's Office of their withdrawal from the case in a letter dated July 21, 1993. No further action was taken by the Sheriff's Department in this matter, and the appeal process was never completed. Plaintiff alleges that Defendant's actions violate his procedural and substantive due process rights

which arise from Special Law 89-508 and/or the policies and procedures promulgated by the Sheriff's Department.

## C.  FACTS RELATING TO PLAINTIFF CASALINO

Plaintiff, Alfonso Casalino, was an appointed Deputy Sheriff in Charlotte County. Plaintiff was initially assigned to patrol, and subsequently transferred to the jail as a corrections officer. At the time of his transfer, Plaintiff was not a certified correctional officer. While on assignment at the jail, Plaintiff was injured, resulting in a workman's compensation claim. Some time later, Plaintiff returned to work and was sent to the Academy for Corrections to be certified as a corrections officer. Plaintiff was unable to complete the physical training necessary and therefore unable to complete the correctional officer training program. As a result of his inability to complete the training, Plaintiff was terminated immediately.

Although he had used the appeal process in the case of two previous disciplinary measures, Plaintiff did not assert a right to a hearing following his termination. Plaintiff was not informed, at the time of his termination, that he had a right to any sort of hearing, and was only permitted to keep his employee manual which contained his rights for one night following his termination. Plaintiff received no review of any kind following his termination. Plaintiff alleges that Defendant's actions violate his procedural and substantive due process rights which arise from Special Law 89-508 and/or the policies and procedures promulgated by the Sheriff's Department.

## IV.  DISCUSSION

The only issue which remains before the Court is whether Defendant's actions, as set out above, constitute a violation of Plaintiffs' procedural due process rights or substantive due process rights to the extent they support a property interest in this case.

## A.  SUBSTANTIVE DUE PROCESS

■  First, substantive due process is inappropriately asserted as a method of creating a property interest in this case. The Eleventh Circuit in *McKinney v. Pate*, 20 F.3d 1550, 1556 (11th Cir.1994) indicated that in order for there to be a civil claim under the rubric of substantive due process, Plaintiff must establish the violation of a fundamental right "implicitly in the concept of ordered liberty". *Id.* The court also indicated that neither tort law nor public employment law are within the scope of substantive due process. *Id.* Therefore, the only claim available to Plaintiffs concerning their terminations are procedural due process claims.

## B.  PROCEDURAL DUE PROCESS

■  The right to procedural due process arises out of a two part test. First, Plaintiffs must establish a property interest in their employment and then they must prove that the process they were afforded, if any, was less than that which is constitutionally required. *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Perry v. Sindermann*, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972).

### i.  PROPERTY INTEREST

■  In its order of April 5, 1994, the Court indicated that even though under Florida law Defendant Sheriff has the right to terminate Deputy Sheriffs at will, Defendant must still comply with procedural due process. The Court cited *Ison v. Zimmerman*, 372 So.2d 431, 434 (1979), as indicating that the Florida Constitution "allows the creation of a civil service system by special or local law for deputies as officers 'not elected or appointed by the Governor.'" In *Ison* the court held that, Ison, a Deputy Sheriff in Brevard County, could not be dismissed without being provided with due process in the form of a hearing. *Id.* at 436.

Upon further review of Florida Statute § 30.53, additional case law, and Special Law 89-508, the Court now finds cause to reconsider whether Plaintiffs have a property interest in their employment as Deputy Sheriffs in Charlotte County. First, the Eleventh Circuit has concluded that a Florida Sheriff has absolute control over the selection and retention of his deputy sheriffs. *Stough v. Gallagher*, 967 F.2d 1523, 1530 (11th Cir.

1992) (citing *Tanner v. McCall*, 625 F.2d 1183, 1186 (5th Cir.1980), *cert. denied*, 451 U.S. 907, 101 S.Ct. 1975, 68 L.Ed.2d 295). In fact, Florida Statute § 30.53 specifically grants sheriffs independence in the hiring and firing of personnel. The Statute provides in pertinent part:

"the independence of the sheriffs shall be preserved concerning the purchase of supplies and equipment, selection of personnel, and the hiring, firing, and setting of salaries of such personnel."

Fla.Stat. 30.53 (1991).

This mandate by the Florida Legislature granting such broad control to the County Sheriff must not be easily overlooked.

As recognized in the Court's prior Order, several courts have held that Deputy Sheriffs do not have a property interest in their employment because the Deputies serve at the will of the Sheriff. *Crews v. Ellis*, 531 So.2d 1372, 1375 (Fla. 1st DCA 1988); *Wilson v. Miller*, 452 So.2d 1104 (5th DCA 1984) *review den.* 459 So.2d 1042 (Fla.1984); *Szell v. Lamar*, 414 So.2d 276, 277–78 (Fla. 5th DCA 1982).

In an attempt to determine what is necessary to defeat the presumption of independence of the Sheriff clearly established by the Florida Legislature in Florida Statute § 30.53, the Court reviews the decision of the 5th District Court of Appeals in *McRae v. Taylor Douglas*, 644 So.2d 1368 (5th DCA 1994), not available for review prior to the issuance of the Court's previous order.

In its opinion, which focuses on the statutory framework currently noted by this Court as imperative to the question of whether a property interest exist, the court in *McRae* recognized that in light of the statutory framework, Deputy Sheriffs in Florida are appointees who serve at the pleasure of the Sheriff, and are not the Sheriff's employees. *Id.* at 1373. Based on this fact, both the selection and retention of Deputy Sheriffs comes under the complete control of the Sheriff and "[the deputy sheriffs] have no property interest in their positions for purposes of the Fourteenth Amendment to the United States Constitution." *Id.*

The *McRae* court also notes that the same principle has been applied to correctional officers appointed by the sheriff. *Id.* (citing *Blair v. Martin County Sheriff's Department*, Case No. 92–14107 (S.D.Fla. Mar. 3 1993); *Kelly v. Gill*, 544 So.2d 1162 (Fla. 5th DCA 1989).)

However, the *McRae* analysis does not stop there, but recognizes an exception. An exception can arise if the legislature, by general or special law, creates a career service system pursuant to § 30.53. *Id.* Based on this analytical scheme, the Court must next closely analyze the special law on which Plaintiffs' claims are based, and determine whether it qualifies as the creation of a career service system, thus exempting Charlotte County's Deputy Sheriffs from the "at will" nature of nature of their appointments, and granting them a property interest in their employment for purposes of Fourteenth Amendment due process.

Initially, a close look at the language of the Special law is crucial. The very nature of the Special Law 89–508 weighs against finding that it creates a career service system. In fact, it does not appear to establish anything but a mechanism to respond to grievances about disciplinary actions. Special Law 89–508(1)(3)(b) clearly states that "any nonexempt person who has achieved career status in the office of sheriff may only be *disciplined* for cause." Although the definition of "disciplinary action" encompasses dismissal and withdrawal of appointment, if read in conjunction with the right being given, no discipline without cause, it specifically excludes the dismissal or withdrawal of appointment not connected with any disciplinary action.

Another indicator that Special Law 89–508 does not create a property interest may be found in comparing it with its predecessor. Special Law 89–508 enacted in 1989 superseded and replaced Special Law 86–349 which was initially asserted by Plaintiffs and subsequently corrected. In Chapter 86–349(2)(3)(d) the board, entitled a career service board, was empowered to review a decision of the Sheriff, and order remedial action including re-instatement and back pay.

However, in the successive law, Chapter 89–508(2)(3)(d), the Florida Legislature specifically reserved to the Sheriff the authority to make a final determination concerning any disciplinary action, and gave the review board only the power to make certain recommendations through findings of fact.

■ It is well known that the mere existence of a procedure for review does not create a property interest. The property interest must arise out of the benefit to be obtained by the procedures. *Ratajack v. Board of Fire and Police Commissioners,* 729 F.Supp. 603 (N.D.Ill.1990), (citing *Olim v. Wakinekona,* 461 U.S. 238, 250, 103 S.Ct. 1741, 1748, 75 L.Ed.2d 813 (1983)). Since the procedures in Chapter 89–508 do not provide for review of all terminations, only those which result from disciplinary actions, and the decision of the review board is not binding in any way on the Sheriff, the Court finds that Chapter 89–508 cannot be held to constitute the creation of a career service system and thus a property interest in employment for Charlotte County deputy sheriffs.

■ To the extent Plaintiffs would instead rely on policies and procedures promulgated by the Sheriff, they clearly will not be sufficient. This Circuit, in *Stough v. Gallagher,* 967 F.2d 1523, 1530 (11th Cir.1992), indicated that these policies and procedures cannot be read to create the civil service system and do not provide a property interest to Deputy Sheriffs in their employment.

Therefore, the Court must recede from the result in its Order of April 5, 1994, and conclude that Plaintiffs have not established a property interest in their positions as Deputy Sheriffs. In light of the fact that the procedural due process claim is the only claim currently pending before the Court, there remains no issue of material fact to be considered in this case. Accordingly, it is

ORDERED that Defendants' Motions for Summary Judgment (Dkt. 50, 51, 52) are **granted,** and the Clerk shall enter a final judgment in favor of Defendant on all claims.

DONE and ORDERED.